State *v.* Charles G. Noyes.

May Term, 1935.

Present: Powers, C. J., Slack, Moulton, Thompson, and Sherburne, JJ.

Opinion filed October 1, 1935.

*Charles L. Howe, Fenton, Wing & Morse,* and *R. Clarke Smith* for the respondent.

444

*Thomas Mangan,* city grand juror, and *Marvelle C. Webber* and *Christopher A. Webber,* of counsel, for the State.

MOULTON, J.   This case comes before us on the respondent's exceptions to the overruling of his demurrer to a complaint charging him with parking his automobile on Center Street in the city of Rutland for a period of time prohibited by an ordinance of the municipality.

The complaint recites certain portions of the ordinance. Section 41 provides that "The driver of a vehicle shall not park such vehicle for longer than one hour at a time between the hours of 8 A.M. and 6 P.M. of any day, except Sunday, and public holidays, within the territory known and described as the Business District * * *.   Signs shall be erected and maintained in each block designating the provisions of this section."   Section 35 describes the boundaries of the "business district."   Section 47 describes the penalty for a violation of the ordinance, and the jurisdiction of the city court and justices of the peace.   It is alleged that the ordinance was duly passed, recorded, and published, and is in full force.   The complaint also recites title 22 of the State Motor Vehicle Act, P. L. 5181, which gives the City Council the authority to make special regulations as to the parking of motor vehicles, and which provides that "signs indicating such regulations must be conspicuously posted in and near all areas affected thereby."   It is alleged that the respondent parked his motor vehicle on Center Street for "a period of time

in excess of one hour, between the hours of 8 A.M. and 6 P.M. to wit, from 2 P.M. to 4 P.M.'' upon the day specified, ''and that the area was marked by signs conspicuously posted, reading 'Park 1 hour only.' ''

There are several grounds of demurrer, but it is necessary to consider only one, which is to the effect that the complaint fails to show that the area in question was marked by signs indicating the provisions of the ordinance.

This ground of demurrer must be sustained. In *Incorporated Town of Decatur* v. *Gould*, 185 Iowa, 203, 107 N. W. 449, a statute required that a sign limiting the speed of an automobile upon a highway should bear an arrow indicating the direction in which the limitation was applicable. In a prosecution for driving at a speed in excess of the specified rate, it appeared that there was no arrow upon the sign. The court said (185 Iowa, 203, 170 N. W. 449, 451): ''It may be that the defendant was in no wise misled by the failure of the officers of the plaintiff to cause an arrow to be placed upon the sign in question, but the law must be given general application. The placing of an arrow upon signs displayed at highways entering cities and towns, and at points therein, where a change is required in the speed of motor vehicles, is as much a part of the legislative requirement as that same shall have certain words of sufficient size to be easily read inscribed thereon. The validity of ordinances enacted by municipal corporations in exercise of the powers conferred by the statute depends upon a strict compliance with its requirements. The power which such bodies can exercise is only that which is delegated thereto by the Legislature, and conditions imposed thereby are mandatory, and must be strictly followed. Local authorities have no discretion in the matter, and cannot say with what part of the statute they will comply or what ignore.''

In the instant case the signs contained a warning that the period of parking was one hour. But this was not an indication of the regulation, as required by P. L. 5181. No more was it a designation of the provisions of section 41 of the ordinance, as prescribed therein. The ordinance was not a general limitation of parking, but applied only during certain specified hours, and upon certain specified days. Being penal, it is to be strictly construed. Its validity depends upon a compliance with the statute under the authority of which it was enacted. It is true that, so far as the respondent was concerned, and at·

the time of his act, the signs were not deceptive. But this is not the test. It is a question of the binding effect of the ordinance, and this, because the steps taken to enforce it complied neither with the statute nor with its own provisions, it did not possess.

█ It is argued, on behalf of the State, that it was not necessary to recite the statute in the complaint, and therefore that this allegation is surplusage and may be disregarded, but, even so, we take judicial notice of the statutory authorization in passing upon the validity of the ordinance.

It fairly appears that the complaint cannot be amended so as to charge the respondent with the violation of the ordinance and so the entry is:

*Demurrer sustained. Judgment reversed. Judgment that the respondent is not guilty, and he is discharged.*