## Rutland Cable T. V., Inc. v. City of Rutland

[166 A.2d 191]

November Term, 1960

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed November 29, 1960

*Bloomer & Bloomer* for the petitioner.

*Richard F. Sullivan* for the petitionee.

**Holden, J.** This is the third time the petitioner has resorted to mandamus in aid of its application of September 10, 1959 to the City Council of Rutland for a permit to construct television cable facilities in that city. The prior proceedings are reported in 121 Vt. 399, 159 A.2d 83 and 122 Vt. 1, 163 A.2d 117.

The present petition alleges in substance that following the mandate of this Court, at the January Term, 1960, the city council caused to be published the application of the petitioner and a similar application of the Bellows Falls Cable Corporation, together with a notice of hearing on both applications at 8:30 P.M. and 7:30 P.M. respectively on March 30, 1960.

The petition sets forth the following provisions of Chapter XII of the ordinances of the city of Rutland upon which it relies:

"* * * No exclusive or entire right or franchise to place or maintain any poles, wires, conduits or other electrical fixtures or apparatus, in, over or under any street or public way or place in the City, which shall be granted pursuant to this Chapter, shall be construed as giving such person, firm or corporation any exclusive right of privileges therein.

"Each such application shall be advertised at least once within seven days after such application to the City Council in a newspaper published in the City of Rutland, and such application shall be granted at the next regular meeting of the City Council unless

objection is made at such meeting of the City Council by some person, firm or corporation to the granting of such application.

"In the event such objection is made the City Council may, in its discretion, order a hearing to be held on such application before the City Council, or the light and poles committee of such Council, at a time and place to be designated by the City Council, and a notice of the time and place of such hearing shall be mailed to the applicant, postage prepaid, to his or its last known address, and a notice of such hearing shall be published forthwith in one issue of a newspaper published in the City of Rutland. All advertising under the provisions of this section shall be done at the expense of the applicant. Immediately after such hearing the City Council shall make such order in regard to such application as it shall deem just to all the parties concerned. See P. L. 6415 * * *."

By letter dated March 21, 1960 the Bellows Falls Cable Corporation registered a protest to the granting of the petitioner's application. The same communication advised the city council that if protest was made to its application for a permit it requested a hearing. An objection was made to the application of the Bellows Falls company and hearing was held on both applications as scheduled on March 30, 1960. At this meeting of the council a stenographic reporter was present and made a verbatim record of the proceedings. The hearings on each application were limited to one hour, over the objection of the petitioner. However, after the hearing of March 30 was concluded, a second meeting of the council was called on published notice on April 27, 1960. No verbatim report of the second hearing was made.

The petition further alleges that during the hearings objection with supporting evidence was made to the application of the Bellows Falls Cable Corporation but no objection was asserted against the issuance of a permit to the petitioner.

The complaint goes on to state that a permit has been issued to the Bellows Falls Cable Corporation but no permit has been issued to the petitioner. It is alleged that the action of the city council constitutes a flagrant abuse of authority to the irreparable damage of the petitioner.

The members of the city council, as petitionees, filed an answer to the complaint on October 18, 1960. The answer admits substantially

all of the allegations of the petition except to deny petitioner's averments that no objection was made to the petitioner's application, and that no evidence was presented to support the application of the Bellows Falls Cable Corporation. The claim that the petitioner has suffered irreparable injury by flagrant abuse of authority is also denied. The answer concludes with a motion to dismiss the petition on the ground that it fails to state a claim for which mandamus will lie.

After the answer was entered, the petitioner took the deposition of Henry P. Battles, city clerk of Rutland and by the deponent obtained identification and authentication of the minutes of the meetings of the city council wherein the petitioner's application was considered. These records and the deposition were filed October 27, 1960 and proffered by the petitioner and received at the time the cause was argued, without objection.

With the record thus constituted, this cause has assumed the same bearing that prevailed in the mandamus proceedings of *Clement* v. *Graham,* 78 Vt. 290, 309, 63 A. 146. In accord with the procedure followed in that instance, we proceed to determine the merits of the controversy on the pleadings and the testimony and exhibits filed with the Court.

■ The application and issuance of the permit sought by the petitioner is governed by the provisions of Chapter XII of the ordinances of the city of Rutland and Chapter 71 of Title 30, Vermont Statutes Annotated. The ordinances and the statutory law on the subject must be read together, for the validity of the ordinances depends upon their compliance with the statutory enactment. *State* v. *Noyes,* 107 Vt. 441, 446, 180 A. 893. The ordinance makes specific reference to P. L. 6415, now 30 V.S.A. §2503.

30 V.S.A. §2502 provides that lines of telegraph, telephone and electric wires may be constructed and maintained by a person or corporation upon or under a highway, in such a manner as not to interfere with repairs of such highway or the public convenience in traveling upon or using the same. By the provisions of 30 V.S.A. §2503 the aldermen of a city are empowered to determine upon application where and in what manner such wires shall be erected when it is inconvenient or inexpedient to erect such wires agreeably to section 2502. This enactment also requires the city council to give notice to

parties interested and to certify and record their decision. It is specified that such decision shall be final.

By the provisions of the statute and the related ordinance, an applicant who seeks to construct wire facilities for the purpose of transmitting power or intelligence by electrical conduits may do so if the proposed construction is to be done in such a manner that it will not interfere with public travel or convenience. When such a situation obtains, and there is no protest to the project, a permit will issue as a matter of course. However, where there is objection, pointing out that the public way will be encumbered in a manner inexpedient and inconvenient to the public, the duty devolves upon the city council to determine where and in what manner the permission to carry on the project shall be granted. Both the statute and the ordinance require the council to issue an order that shall be just to all parties concerned.

We deem it to be of little importance whether the Bellows Falls Cable Corporation failed to follow through with its objection. The council itself, or any member of the public at large who might suffer inconvenience from the proposed encumbrance of the public highway, could properly enter a protest at the public hearing called for that purpose.

In the instant applications the record makes it clear that the chairman and several of the aldermen were vigorously opposed to the granting of the petitioner's application. But their opposition did not stem from any legal considerations. To the contrary, it is manifest that their opposition to the granting of the application of the Rutland Cable T. V. Inc. was founded on a prior contractual commitment they had made with the Bellows Falls Cable Corporation, entered into on September 8, 1959 before either application had been legally considered and prior to the mandate in *Rutland Cable T. V. Inc.* v. *City of Rutland, supra,* 121 Vt. 399, 159 A.2d 83.

From the recorded remarks of the chairman and several members of the council, it is obvious that the council regarded itself as being vested with the power to grant an exclusive franchise to whichever applicant it saw fit to select. Despite the repeated efforts of the city attorney to correct this misconception of the issues and the law, the council forged ahead to deny the petitioner's application and grant a permit to the Bellows Falls Cable Corporation on the strength of its prior contractual arrangement with the latter.

The record is replete with references to a purported contract between the city council and the Bellows Falls Cable Corporation wherein the petitionees undertook to grant an exclusive franchise to the Bellows Falls Cable Corporation to construct and maintain a system for furnishing cable television throughout the city at specified rates. This is demonstrated by the following remarks of the chairman and some of the aldermen entered on the record of these proceedings.

Chairman: "According to the records of the City of Rutland the permit was officially entered into on the 8th day of September, approved by the Board, signed by the Mayor, making it a lawful act of the City Council. It must have been apparent to everyone concerned—to both parties—that this contract was a matter of record before the request for this particular hearing was made. It hardly seems possible that anyone involved in this wasn't aware of it."

Alderman Abel: "As far as I am concerned, they (Bellows Falls Cable Corporation) still have a permit to put up TV cable, but if you can prove, or put a doubt in my mind that it was illegal, we might act differently."

Alderman Foley followed by stating: "As I understand it, the question before the house is that on the 8th day of September, 1959, we made an agreement with the Bellows Falls Cable Corporation and then there was an objection on the ground that it wasn't advertised. Now it has been advertised. What I would—the question in my mind is, is there anything further that is illegal about this contract?"

From the record we cannot escape the conclusion that the city council has refused to determine the petitioner's application on its merits and has unlawfully declined to prescribe where and in what manner the wire shall be constructed. Further, it does not appear that any decision of the petitionees has been certified and recorded as required by 30 V.S.A. §2503.

■ Municipal licensing authorities cannot unreasonably, arbitrarily or capriciously refuse a license or permit. *Phillips* v. *Borough of East Patterson,* 134 N.J.L., 161, 46 A.2d 667, 668; *Butler* v. *Town of East Bridgewater,* 330 Mass. 33, 110 N.E.2d 922, 926. Nor can the licensing authority grant a permit to certain individuals and arbitrarily

withhold the privilege from others under like or similar conditions. *Yick Wo* v. *Hopkins,* 118 U. S. 356, 6 S. Ct. 1064, 30 L. Ed 220, 227; *Applestein* v. *Osborne,* 156 Md. 40, 143 A. 666, 670.   See also McQuillin, Municipal Corporations, 3d Ed. §26.75.

Since the petitionees, as public officers of the city of Rutland, have refused to act in accordance with the duties enjoined upon them by statutory law of the State and ordinances of their municipality, their arbitrary denial of the petitioner's application has left the applicant without remedy other than the prerogative writ of mandamus.   Upon the considerations demonstrated by the record mandamus may properly issue.   *Menut & Parks* v. *St. Johnsbury,* 114 Vt. 41, 51, 39 A.2d 342, 156 A.L.R. 404; *Couture* v. *Selectmen of Berkshire,* 121 Vt. 359, 159 A.2d 78, 82.

*Judgment that the prayer for mandamus is granted.   Let a mandate issue directing the petitionees to examine further into the petitioner's application to determine whether the project proposed in the petitioner's application will interfere with the public travel or convenience in use of the streets of the city of Rutland.   If it be determined that the proposed construction is inconvenient or inexpedient, the petitionees shall determine where and in what manner such wires shall be erected upon adequate notice to interested parties and certify and record their decision as provided in Chapter 71 of Title 30, Vermont Statutes Annotated.*