## Marion F. Blake v. Joseph W. Betit, Commissioner of Social Welfare of the State of Vermont

[274 A.2d 481]

No. 139-70

Present: Holden, C.J., Barney, Smith and Keyser, JJ., and Billings, Supr. J.

Opinion Filed February 2, 1971

146

*John A. Dooley, III*, Burlington, for Plaintiff.

*James M. Jeffords*, Attorney General, and *William S. Roby*, Assistant Attorney General, for the State.

**Smith, J.** The plaintiff, Marion F. Blake, is a recipient of public assistance under the Aid to the Aged, Blind and Disabled program administered by the defendant, Joseph W. Betit, Commissioner of the Department of Social Welfare. The benefits paid to the plaintiff under the above program were reduced from $92.00 a month to $77.00 a month, and the plaintiff applied for a fair hearing before the Board of Social Welfare as a result of such reduction of benefits. The Board of Social Welfare held the hearing provided for in 33 V.S.A. § 2571, made findings of fact, and made an order to allow the plaintiff the sum of $92.00 per month, with a provision that such corrected payments be made retroactive to October, 1969. The defendant refused to so rebudget the benefits due to the plaintiff and she has brought her petition to this Court seeking a writ of *mandamus* against the defendant to compel him to follow out the terms of the order of the Board of Social Welfare. The defendant has moved to dismiss the application of the plaintiff for *mandamus* on five grounds set out below:

> "1. Petitioner has an adequate remedy in the trial courts of this state and in the Board of Social Welfare.
>
> 2. Petitioner's action, in substance, is one against the State of Vermont, which has not consented to be sued in this manner.

3. The right Petitioner seeks to enforce is not one 'clearly established' by statute or common law.

4. The Order of the Board of Social Welfare, on which the claim is founded, exceeds the jurisdiction of that body.

5. The order upon which the petition is founded does not direct payment in amount certain."

The real question before us, not only on the motion to dismiss, but on the merits of the case, as well, is found in Nos. 3 and 4 of the motion to dismiss.

In essence, these grounds present the question of whether the Board of Social Welfare, by its order after a fair hearing, can tell the Commissioner what he must do. If such power does exist in the Board then the carrying out of the order of the Board would become purely a ministerial act on the part of the defendant, and *mandamus* will lie. *Roy* v. *Farr*, 128 Vt. 30, 258 A.2d 799 (1969).

The defendant asserts in his first ground for dismissal that the plaintiff has a remedy at law by requesting a fair hearing before the Board of Social Welfare, presumably on the ground that there has been an unreasonable delay in the making of payments to her under the order of the Board. But the plaintiff has already requested, and received, a fair hearing before the Board. If, as the defendant asserts, the order of the Board does not have to be complied with by the Commissioner, then another fair hearing would be an exercise in futility, availing the plaintiff nothing.

Defendant also asserts that plaintiff might seek a declaratory judgment, or sue the defendant in an action on common counts.

"On the facts in the instant case, *mandamus* affords a plain speedy and adequate remedy. It is practical, efficient and prompt. It is administration toward the result sought to be accomplished. In order to supersede *mandamus*, the other remedy must be competent to afford relief on the very subject matter in question and be equally convenient, beneficial and effective." *Town of Glover* v. *Anderson*, 120 Vt. 153, 160, 134 A.2d 612 (1957).

The defendant has not demonstrated that any other civil proceeding would be equally convenient, beneficial and effective.

In his second ground for dismissal, the defendant asserts that the plaintiff's action is against the State of Vermont, which has not consented to waive its sovereign immunity in this matter. But the plaintiff is seeking to compel a public officer to perform an official act. *Roy* v. *Farr, supra*; *Rutland Cable TV Inc.* v. *Rutland,* 122 Vt. 162, 168, 166 A.2d 191 (1960). If the defendant has refused to act in accordance with the duties enjoined upon him by the statutory laws of the State, then *mandamus* may properly issue.

In his fifth ground for dismissal of the action the defendant complains that the order does not direct payment in amount certain. The order reads: "The Commissioner is ordered to recompute petitioner's budget to reflect the increase in the combined standard of need from $77.00 to $92.00 a month and to make corrected payments retroactive to October, 1969."

In simple arithmetic, the amount of the award can easily be ascertained by multiplying $15.00, the difference between the amount the plaintiff was receiving from the Commissioner and the amount ordered to be paid her by the Board, by the number of months that have elapsed since October, 1969. It would not seem that greater certainty than this is required for the defendant to be able to compute the amount certain due to the plaintiff, provided the order is sustained.

All of what has been previously stated in this opinion only becomes relevant upon our affirmative determination of the main question presented which is the power of the Board of Social Welfare, by its order, after a fair hearing, to compel the Commissioner of Social Welfare to carry out its directives. We now turn to the statute by virtue of which the plaintiff brought her petition for a fair hearing before the Board of Social Welfare, and by reason of which the Board issued its order which is the crux of the case before us.

"33 V.S.A. § 2571

An applicant for or a recipient of assistance, or a licensee or an applicant for a license under section 2561 of

this title, who is aggrieved by a decision of the department or an unreasonable delay by the department in making a decision, may file a written request for fair hearing. The hearing shall be conducted by the board or by a hearing officer appointed by the board. The board or the hearing officer, as the case may be, shall issue written findings of fact. If the hearing is conducted by a hearing officer, his findings shall be reported to the board, and the board shall approve the findings and adopt the same as the findings of the board unless good cause is shown for disapproving them. Whether the findings are made by the board or by a hearing officer and adopted by the board, the board shall enter its order based on such findings. The order shall affirm, modify, or reverse the prior decision, or determine whether the alleged delay was justified. The board shall give written notice of the decision to the person applying for fair hearing."

A concern of utmost importance to both the board and the commissioner is cooperation with the various federal agencies "in receiving to the extent available, federal funds in support of the programs which the department administers." 33 V.S.A. § 2504(2). See *Borkman* v. *Department of Social Welfare,* 128 Vt. 561, 268 A.2d 790, 792 (1970).

The plaintiff is receiving assistance from Vermont's Aid to the Aged, Blind and Disabled, a large share of which assistance is paid by the federal government. 42 U.S.C. § 1383(a). If a state program is not administered in compliance with federal guidelines, federal participation may be discontinued. 42 U.S.C. § 1383(c)(2). The Handbook of Public Assistance Administration, which is binding upon the defendant, and used in the administration of public welfare, contains the provisions quoted below:

"United States Department of Health, Education and Welfare, Handbook of Public Administration, Part IV § 6200, Requirements of State Plans.

(c) Decisions by the hearing authority, rendered in the name of the state agency, will be binding on the State and local agency.

(k) When the hearing decision is favorable to the claimant, or when the agency decides in favor of the

claimant prior to the hearing, the agency will make the corrected payments retroactively to the date the incorrect action was taken.

Section 6300. Criteria for the Administration of Plans.

(g) . . . Insofar as applicable, a decision in favor of the claimant applies retroactively to the date the incorrect action was taken, and also applies prospectively.

Section 6400. Interpretation.

(g) The hearing authority is responsible for rendering a conclusive decision . . . ."

Under 33 V.S.A. § 2505, the Commissioner of Social Welfare is the "chief administrative and executive officer and head of the department." But, as the defendant admits, the decisions of the Commissioner are subject to review by a fair hearing proceeding before the Board of Social Welfare, and the decisions of the Commissioner, so appealed, may be affirmed, modified or reversed by the Board, and an order shall issue from such Board to the Commissioner. 33 V.S.A. § 2571, *supra*.

It is not argued but that the Board of Social Welfare is the "hearing authority" mentioned in Section 6200 of the United States Department of Health, Education and Welfare Handbook of Public Assistance Administration, Part IV.

 The legislature, by granting the power to the board to "modify" an order of the commissioner expressed its intention that the board could alter, change, enlarge, extend or reduce or limit the payments to a recipient provided by the action of the commissioner. Black's Law Dictionary 1155 (4th ed. 1957). We hold that the legislative intent in providing for a fair hearing before the board from an order of the commissioner was to provide the "hearing authority" made necessary under the Social Security Act. With the same intent in mind, the "order" of the board, after the fair hearing proceedings, must be held to be binding upon the commissioner so as to comply with Part IV § 6200(c) of the Handbook quoted above. The contention of the defendant that an order from the board to the commissioner can only tell the commissioner what he may not do, but that power is lacking in the board to order the commissioner to perform any act, is contrary to the meaning

of "order" as expressed in the legislative act of Vermont, as well as to the provisions of the Social Security Act, which plainly states that the order of the hearing agency is conclusive.

Once having received an order from the Board of Social Welfare, issued after a fair hearing, and the making of findings of fact by such board, it is the duty of the commissioner to comply with such order. In so doing he is performing a ministerial act.

While the defendant has denied that he is compelled to carry out the order of the board on payments to be made to the plaintiff here, he does assert that if he is compelled to comply with such order he has already made such payments to the plaintiff from the General Assistance Fund. It does not appear that such claim was made at the fair hearing held below. Nor what the amounts of such claimed payments were, if made to the plaintiff. It cannot be raised here for the first time. It was a matter for presentation to the board for their consideration in making their findings and order, and in any event, the decision of the hearing authority, the Board of Social Welfare, was binding upon the defendant.

Further, the motion to dismiss as presented to us is in the nature of a *demurrer*. It admits the facts as pleaded and does not extend to issues not raised in the petition. *Hanley* v. *United Steel Workers*, 119 Vt. 187, 190, 122 A.2d 872 (1956).

*The motion to dismiss the petition is denied. Judgment that the prayer of the petition is granted, and that a mandamus issue directing Joseph W. Betit, Commissioner of Social Welfare, to forthwith make retroactive payments to the petitioner and to rebudget the petitioner as ordered by the Board of Social Welfare on September 10, 1970.*