## The Roman Catholic Diocese of Vermont, Inc. v. City of Winooski Housing Authority

[408 A.2d 649]

No. 8-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed October 17, 1979

518

J. *William O'Brien* and *Paul R. Morwood*, Burlington, for Plaintiff.

*Gilbert Myers*, Essex Junction, for Defendant.

Barney, C.J. This is an interlocutory appeal raising the issue of sovereign immunity. The question arose out of the denial of a motion for summary judgment, treated by the trial court as a motion to dismiss, made by the defendant City of Winooski Housing Authority. The motion did not involve any of the other defendants.

Since this is a ruling based on V.R.C.P. 56, the matter is to be reviewed on the basis of the pleadings, affidavits and associated documentation referred to in the rule. An affidavit from the executive director of the Winooski Housing Authority reveals that no aspect of sovereign immunity has been waived by the purchase of liability insurance under the authority of 29 V.S.A. § 1403.

The complaint asserts that the Housing Authority undertook, through certain contracting parties, also defendants, to build a multi-story building for housing for the elderly. This construction took place on land purchased from the plaintiff and adjacent to St. Stephen's Rectory, also belonging to the

plaintiff. It is claimed that the construction operations damaged the rectory both through vibrations from pile driving and through interference with the lateral support for the foundation and walls of the rectory. Substantial damages are claimed, but the issue before us is limited to the question of sovereign immunity.

The defendant Authority begins by asking for a holding that it is governmentally immune because it is a governmental entity created by statute to carry out an express legislative purpose. This states the policy too broadly. *Marshall* v. *Town of Brattleboro*, 121 Vt. 417, 424, 160 A.2d 762, 766–67 (1960), states that, at most, the doctrine of sovereign immunity as applied to municipal corporations should be limited to those activities of the municipalities so necessary and so vital to the inhabitants that the municipality ought to be immune from liability for the methods it uses in performing such functions. It points out that there has been an extension of municipal activities into fields once felt to be inappropriate for governmental bodies.

Indeed the whole concept of sovereign immunity, particularly as applied to municipalities, has been many times challenged, both from the validity of its origin based on *Russell* v. *The Men of Devon*, 2 Durn. & E. 667, 100 Eng. Rep. 359 (1788), and from the standpoint of justifying policy. See, e.g., Note, *Torts—Abrogation of Sovereign Immunity —Scope of Retained Immunity*, 43 Mo. L. Rev. 387 (1978); see generally *Merrill* v. *City of Manchester*, 114 N.H. 722, 332 A.2d 378 (1974). There can be no doubt that its effect is to sacrifice the injured citizen to the benefit of the public treasury. Insofar as the policy originated in court opinion, its justification in terms of current circumstances would be properly reviewable by the judicial branch.

However, the policy has had some legislative recognition in 29 V.S.A. § 1403. That section reads:

> When the state or a department or board purchases a policy of liability insurance under the provisions of section 1401 of this title, and when a municipal corporation purchases a policy of liability insurance under section 1092 of Title 24, and when a county purchases a policy of liability insurance under the provisions of section 131 of

Title 24, it waives its sovereign immunity from liability to the extent of the coverage of the policy and consents to be sued.

With that recognition present in the statute this Court is bound to acknowledge its continuance. See *City of Burlington* v. *Glens Falls Insurance Co.,* 133 Vt. 423, 340 A.2d 89 (1975). It is to be noted, however, that, in dealing with the doctrine the legislature gave not the slightest suggestion that its application should be enlarged. Indeed, the statutory purpose to encourage liability coverage for the protection of the harmed and to limit liability to that coverage is implicit.

■  The lower court correctly defined the issue involved as one involving the question as to whether the construction of this housing facility was within the range of sovereign immunity, carefully excluding the issue of its operation. The record discloses that this construction represents the creation of subsidized housing, with the assistance of federal funds, for the benefit of certain older citizens.

An examination of the statutory authority, 24 V.S.A. §§ 4001–4027, under which this construction was undertaken, demonstrates several things significant for the purposes of this review. One is that the project is eligible to be financed by bonding, but the bonds are not to be a debt of the municipality, but are designed to be self-liquidating from income derived from rents and other appropriate sources. The participation in the program is not mandated, but subject to the decision of the governing body of the municipality.

In short, this type of housing project is one of those desirable, subsidized municipal activities that local communities may, at their option, undertake for the benefit of their area and some, or all, of their citizens. However beneficial the activity, its nature does not so partake of the critical essence of the basic concerns of government as to require that individuals suffering damage and harm from its construction must, for the good of the public, forego all remedy. Pointing out again that the labels represent conclusions reached after evaluation of the essential factors, rather than helpful guides to classification, this activity falls among those labelled "proprietary." *Dugan* v. *City of Burlington,* 135 Vt. 303, 304, 375 A.2d 991 (1977).

*The certified question asking whether the defendant Winooski Housing Authority is immune from suit in this case under the doctrine of sovereign immunity is answered in the negative, the denial of the motion to dismiss on that ground is affirmed and the cause remanded.*