## John L. Lomberg v. Thomas M. Crowley and State of Vermont

[415 A.2d 1324]

No. 290-79

Present: Barney, C.J., Billings and Hill, JJ., Keyser, J. (Ret.), Specially Assigned, and Hayes, Superior Judge, Specially Assigned

Opinion Filed June 3, 1980

*Valsangiacomo & Detora,* Barre, for Plaintiff.

*M. Jerome Diamond,* Attorney General, and *Michael R. Gadue,* Assistant Attorney General, Montpelier, for Defendant.

**Billings, J.** This action arises by reason of a complaint filed by the plaintiff-appellant against the defendant-appellee, Crowley, as an agent and employee of the defendant-appellee,

the State of Vermont, alleging that the plaintiff was libeled and slandered. The defendants answered by claiming, *inter alia,* that the action is barred by sovereign immunity, that to the extent there has been a waiver of sovereign immunity by the purchase of insurance coverage, 29 V.S.A. § 1403, the coverage is inadequate, and that the alleged statements were privileged or fair comment by a public official. Later, the defendants moved to dismiss the complaint for failure to state a cause of action, V.R.C.P. 12(b)(6), and the trial court, without hearing, dismissed the action, from which order the plaintiff appeals.

The plaintiff, as a field auditor, submitted an audit report to the executive director of the Vermont Commission on the Administration of Justice (VCAJ) in connection with a federal grant to the Department of Public Safety, in which he concluded that approximately $10,000 was spent on unallowable costs. The then executive director of the VCAJ, who had the duty to act on the audit report, disqualified himself, and the defendant Crowley assumed that position in order to make the decision on the final audit clearance. After review, the defendant Crowley issued a report unfavorable to the plaintiff's audit, and contained therein certain comments concerning the quality of the plaintiff's audit report. Later, the defendant Crowley was interviewed on a Burlington radio station, at which time he made certain remarks relative to the plaintiff and his report.

It is clear that the complaint states a cause of action against the defendant Crowley, and, therefore, meets the requirements of V.R.C.P. 8(a). Whether, as a matter of law, he had an absolute defense depends entirely on a factual determination. See *McDonald* v. *Woodruff*, 133 Vt. 362, 340 A.2d 90 (1975). These factual issues may include, among others, whether, at the time of the radio interview, the defendant Crowley was acting within the scope of his employment, whether his actions involved the exercise of discretion afforded his office, whether he had legislative or judicial immunity, and whether his comments were "fair comments" in an official capacity. In order to determine whether the defendant Crowley has an absolute defense a hearing and trial must be held on these factual issues. The trial court's dismissal, without

hearing, of the complaint against the defendant Crowley was error.

The defendants claim that sections of the tort claims act, 12 V.S.A. § 5602(1) and (6), grant them sovereign immunity from claims arising out of libel and slander, or based on a discretionary function of a state official, acting within the scope of his office. The plaintiff claims that the defendant State has waived its immunity from liability to the extent of insurance coverage, both for itself and its employees, 29 V.S.A. §§ 1403, 1406(a), and that since the two statutes are in conflict, the latter controls as a partial waiver of immunity.

29 V.S.A. § 1403 is a general waiver of sovereign immunity to the extent of insurance coverage. This statute became effective in 1960. The tort claims act, 12 V.S.A. §§ 5601–5605, was enacted in 1961 to limit the waiver provisions of 29 V.S.A. § 1403. In the construction of statutes, the intent of the legislature must be ascertained, and if the language is plain, the intent is to be ascertained from the act itself. If the provisions seem in conflict, interpretations that harmonize and give effect to both are favored. *State* v. *O'Connell,* 135 Vt. 182, 184, 375 A.2d 982, 983 (1977); *Glabach* v. *Sardelli,* 132 Vt. 490, 492, 321 A.2d 1, 3 (1974). Specific statutes control over a general statute, and if two statutes deal with the same subject matter, the more recent legislative enactment will control. *State* v. *Lynch,* 137 Vt. 607, 610, 409 A.2d 1001, 1003 (1979).

Here, 12 V.S.A. § 5602(1) and (6) control, since it is the later enactment of two statutes dealing with the same subject matter. This interpretation gives effect to both statutes. The earlier statute, 29 V.S.A. §§ 1401–1406, creates a mechanism for tort claims against the state for acts or omissions of its employees which are otherwise protected by sovereign immunity, but only to the extent of insurance coverage. The later enactment, 12 V.S.A. §§ 5601, 5602, specifically excludes from liability to suit the conduct of certain state officials and employees, rendering the extent of insurance coverage irrelevant to the question of whether the state has waived sovereign immunity. 12 V.S.A. § 5602 reserves to the state and its employees a sphere of sovereign immunity which may not be waived by the acquisition of insurance by the state.

Therefore, the defendant, State, and the defendant, Crowley, if he was acting within the scope of his employment in performing a discretionary act or in making the alleged libel and slander, have a defense as a matter of law. The trial court was without error in dismissing the complaint as far as the defendant State is concerned.

In addition, the plaintiff claims that the doctrine of sovereign immunity is unconstitutional and no longer a viable doctrine, on the authority of cases from the many jurisdictions where the doctrine has judicial origin. See, e.g., *Mayle* v. *Pennsylvania Department of Highways*, 479 Pa. 384, 402–06, 388 A.2d 709, 718–19 (1978). A statute is presumed to be constitutional, *Re Montpelier & Barre Railroad*, 135 Vt. 102, 103, 369 A.2d 1379, 1380 (1977); *State* v. *Pray*, 133 Vt. 537, 541, 346 A.2d 227, 229 (1975), absent an allegation to the contrary. In the case at bar, the plaintiff makes no specific claims of unconstitutionality, nor does he brief any. The presumption of validity is not overcome. It is true that many jurisdictions have abolished, and legal commentators have advocated abolition of, the doctrine of sovereign immunity where created by judicial decision. While not all legislative enactments concerning a doctrine which may have had a judicial origin will preclude its judicial abolition, there are instances in which doctrine has such clear legislative recognition, as is the case at bar, 29 V.S.A. § 1403, that we are bound to acknowledge its continuance until the legislature mandates otherwise. *Roman Catholic Diocese* v. *City of Winooski Housing Authority*, 137 Vt. 517, 520, 408 A.2d 649, 651 (1979).

*Reversed and remanded as to defendant Crowley. Affirmed as to the defendant State of Vermont.*