R. Kent Stoneman, Commissioner v. Vergennes Union High School District #5 and Ferrisburg School District, et al.

[421 A.2d 1307]

No. 169-80

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 11, 1980

*M. Jerome Diamond,* Attorney General, Montpelier, and *Geoffrey A. Yudien,* Assistant Attorney General, Waterbury, for Plaintiff.

*Susan F. Eaton* of *Langrock Sperry Parker & Stahl,* Middlebury, for Defendants.

Daley, J. This is an appeal from the superior court's decision to grant summary judgment in favor of the plaintiff on defendants' counterclaim. Plaintiff, the Commissioner of the Department of Social and Rehabilitation Services (SRS), is the legal custodian of seven children who were placed in the Kingsland Bay Group Home, located in the defendant Ferrisburg School District. The Ferrisburg School District does not maintain a high school, and therefore it pays tuition to defendant Vergennes Union High School District # 5 (Vergennes School District) for the education of its resident children. 16 V.S.A. §§ 822, 824. Vergennes School District incurred tuition costs for Kingsland Bay children during fiscal years 1977 and 1978, for which it looked to Ferrisburg School District for payment. Ferrisburg, by vote of its school board, determined that four of the Kingsland Bay children were not residents of the Town of Ferrisburg, and it therefore refused to pay their tuition. In response, the Vergennes School District notified the Kingsland Bay Home that all seven of its children would be expelled from school in January, 1978.

Plaintiff sought a declaratory judgment and an injunction to bar the defendants from expelling the seven children, and defendants Vergennes School District and Ferrisburg School District counterclaimed to recover the tuition costs from SRS. Plaintiff's original claim has been dismissed by court order, and neither party challenges that dismissal on appeal. In regard to the counterclaim, the parties filed cross motions

for summary judgment, supported by documents, admissions, answers to interrogatories, and affidavits. The superior court granted plaintiff's motion and denied defendants' motion. From this order, defendants appeal.

Defendants present three theories for recovery of the tuition costs from plaintiff SRS. First, defendants argue that plaintiff is required by 16 V.S.A. § 830 to pay for the tuition of these students who are under plaintiff's care. Second, defendants argue that, if § 830 is not construed to require such payments, then the unequal burden cast upon those communities which have group homes within their borders would violate the Proportional Contribution Clause of the Vermont Constitution. See Vt. Const. ch. I, art. 9. Third, defendants argue that plaintiff must pay for the tuition of these students to avoid unjust enrichment of the plaintiff at defendants' expense.

In response to defendants' claims, the plaintiff raises the "[o]nce venerated, recently vilified, and presently substantially limited" doctrine of sovereign immunity. *Board of Trustees* v. *John K. Ruff, Inc.*, 278 Md. 580, 584, 366 A.2d 360, 362 (1976). Although the doctrine is limited in scope, see, e.g., 12 V.S.A. § 5601; 29 V.S.A. § 1403; *Roman Catholic Diocese of Vermont, Inc.* v. *City of Winooski Housing Authority*, 137 Vt. 517, 519–20, 408 A.2d 649, 650–51 (1979); *Blake* v. *Betit*, 129 Vt. 145, 148, 274 A.2d 481, 483 (1971); *Marshall* v. *Town of Brattleboro*, 121 Vt. 417, 421–25, 160 A.2d 762, 765–68 (1960), it is not dead, see, e.g., 12 V.S.A. § 5602; *Roman Catholic Diocese of Vermont, Inc.* v. *City of Winooski Housing Authority, supra; Town of South Burlington* v. *American Fidelity Co.*, 125 Vt. 348, 350, 215 A.2d 508, 510 (1965); *Marshall* v. *Town of Brattleboro, supra*, 121 Vt. at 424, 160 A.2d at 767. We must determine, therefore, whether this is an appropriate case to apply it.

An action against the state cannot be maintained without the state's consent for injuries resulting from the exercise of essentially governmental functions, as opposed to proprietary functions. See, e.g., *Roman Catholic Diocese of Vermont, Inc.* v. *City of Winooski Housing Authority, supra*, 137 Vt. at 520, 408 A.2d at 651; *Farmer* v. *Poultney School District*, 113 Vt. 147, 149, 30 A.2d 89, 91 (1943). The

state has consented to be liable for certain tort claims, 12 V.S.A. ch. 189, and for claims against which it has purchased liability insurance, 29 V.S.A. § 1403. The claims made here do not fall within either of these categories, and therefore if defendants seek recompense for essentially governmental acts, they cannot recover.

■ Recognizing that in the area of sovereign immunity "labels represent conclusions reached after evaluation of the essential factors, rather than helpful guides to classification," *Roman Catholic Diocese of Vermont, Inc.* v. *City of Winooski Housing Authority, supra,* we hold that the acts complained of are essentially governmental in character. Section 830 of Title 16 provides that SRS shall pay the tuition of students who are in its care, but that if there is an insufficient appropriation to cover tuition costs, "the per pupil payment shall be reduced uniformly and equitably." 16 V.S.A. § 830(a), (c). For the fiscal years in question, SRS submitted line item budget requests to fund § 830 tuition payments, as required by § 830(c). Each of these years, however, the legislature refused to appropriate any money to fund this section. Under these circumstances, the Commissioner was called upon to exercise the discretion vested in him by statute to determine the policies and administer the laws of the department. 33 V.S.A. § 2594. His construction of § 830 was a permissible exercise of these powers, and constituted an act of the sovereign. Accordingly, sovereign immunity extends at least to bar defendants' claim of unjust enrichment, and possibly to defendants' statutory claim.

■ Although it has been stated that "the courts will adjudge monetary claims founded upon statute, because the Legislature has inferentially indicated an intent to provide the sums needed to make good the statutory scheme," *O'Neill* v. *State Highway Department,* 50 N.J. 307, 316 n.1, 235 A.2d 1, 5 n.1 (1967), in this case such an inference is negated by the fact that the legislature denied funding. Where no appropriation has been made, no action for a money judgment can be maintained. *Board of Trustees* v. *John K. Ruff, Inc., supra,* 278 Md. at 590–91, 366 A.2d at 366; *O'Neill* v. *State Highway Department, supra,* 50 N.J. at 315, 235 A.2d at 5. Therefore, defendants' statutory claim must fail.

■ Although defendants have not sought a writ of mandamus, we note that this case is distinguishable from *Blake v. Betit, supra.* In *Blake*, we held that mandamus would lie against a state official for failure to perform the purely ministerial act of complying with a direct and unequivocal order of the Board of Social Welfare. In response to the official's argument that he was protected by sovereign immunity, we stated that "[i]f the [official] has refused to act in accordance with the duties enjoined upon him by the statutory laws of the State, then *mandamus* may properly issue." *Id.* at 148, 274 A.2d at 483. We reaffirm that statement now, but it does not aid the defendants here. First, mandamus would not lie in this case because there is no clear right to relief, and because the duties involved are not purely ministerial. *Dowlings, Inc.* v. *Mayo*, 137 Vt. 548, 551–52, 409 A.2d 588, 590 (1979). Second, the Commissioner has not refused to act in accordance with his duties, but has in fact performed the functions required of him by 33 V.S.A. § 2594. Third, as noted above, the absence of an appropriation makes the relief requested highly impracticable.

■ Finally, defendants raise a constitutional challenge to the combined effect of the statutory scheme if SRS is not required by § 830 to pay the tuition of these students. This claim is not barred by sovereign immunity because of the well-recognized exception to the doctrine for acts performed under an unconstitutional statute. *Larson* v. *Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 690 (1949).

■ Section 824(a) of Title 16 requires each school district to pay the tuition of its residents. Under the law as it stood when this action arose, "[t]he residence of a pupil in the care and custody of the department of social and rehabilitation services [was] where the pupil is placed." 1975, No. 48, § 10 (former 16 V.S.A. § 1075). The effect of these provisions is to require Ferrisburg School District to pay Vergennes School District for the tuition of these wards of the state. Ferrisburg claims that this violates the Proportional Contribution Clause of the Vermont Constitution, Vt. Const. ch. I, art. 9, because it casts a heavier fiscal burden on those communities with group homes than those without, and this burden on the few benefits the public generally.

The test of the Proportional Contribution Clause is the rational basis test of the Equal Protection Clause of the United States Constitution. *Pabst* v. *Commissioner of Taxes,* 136 Vt. 126, 131 n.2 and 132–33, 388 A.2d 1181, 1184 n.2 and 1184–85 (1978); *In re Estate of Eddy,* 135 Vt. 468, 472–73, 380 A.2d 530, 534 (1977). Although the scheme of former § 1075 was not, as the legislature recognized when it amended it in 1978, No. 194 (Adj. Sess.), § 1, the best possible arrangement, it is not for that reason unconstitutional. It is plain common sense to equate abode with residence, and such a definition is neither arbitrary nor unreasonable. The fact that this definition cast the expense of educating these children on the community where they were placed is no more unfair than the fact that locating the group home in Ferrisburg cast the burden of providing fire protection for the home on Ferrisburg. The burden is reasonably related to the purpose of treating these students as normal residents of the community.

*Judgment affirmed.*