### Agency of Environmental Conservation v. Raymond Casella and Thurley Casella

[457 A.2d 633]

No. 82-064

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed February 7, 1983

*John J. Easton, Jr.,* Attorney General, and *Zander B. Rubin* and *Merideth Wright,* Assistant Attorneys General, Montpelier, for Plaintiff-Appellee.

*Robert A. Bloomer,* Rutland, for Defendants-Appellants.

**Barney, C.J.** The defendants-appellants in this case are actually in the posture of plaintiffs, since the only appeal before us is from the dismissal of the defendants' counterclaim. That action is a claim for damages against the State of Vermont for closing down the landfill of the defendants, an operation from which they derived income. The lower court dismissed the counterclaim on the basis of sovereign immunity of the State of Vermont.

■ There is no doubt that without the interjection of legislation under which the State of Vermont waives sovereign immunity by consenting to be sued, there would be no remedy for the actions complained of by the defendants in their cross action. See, e.g., *Stoneman* v. *Vergennes Union High School District #5,* 139 Vt. 50, 421 A.2d 1307 (1980); *Lomberg* v. *Crowley,* 138 Vt. 420, 415 A.2d 1324 (1980). The question is whether or not the present law allows such a suit to be maintained, contrary to the ruling of the trial court.

The principal statute permitting tort claims against the State allows for recovery "for injury to persons or property or loss of life caused by the negligent or wrongful act or omission of an employee of the state while acting within the scope of his office or employment . . . to the same extent as a private person would be liable . . . ." 12 V.S.A. § 5601. The amount of total recovery is limited, as is the right to levy execution on State property, but those restrictions are not in issue in this case. *Id.*

The following section, 12 V.S.A. § 5602, lists exceptions to the waiver of sovereign immunity, only two of which are involved here:

The provisions of this chapter shall not apply to:

(1) Any claim based upon an act or omission of an employee of the state exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or failure to exercise or perform a discretionary function or duty on the part of a state agency or

an employee of the state, whether or not the discretion involved be abused;

. . . .

(6) Any claim arising out of alleged assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, fraud, interference with contractual rights or invasion of the right to privacy;

Since this matter was disposed of below in the pleadings, it is there we must look for the form and content of the issues raised by the defendants. Although their brief, in an attempt to avoid the application of § 5602(6), disclaims any allegation that interference with a contractual right is involved, the cross-complaint plainly does speak in terms of interference by agents of the plaintiff with the defendants' potential landfill customers to the point of advising some customer towns not to enter landfill agreements with the defendants. The defendants make the contention that interference with a contract right does not encompass advice to not enter a contract. This is word play that is contrary to the dimensions of contract interference as defined in *Mitchell* v. *Aldrich*, 122 Vt. 19, 23–24, 163 A.2d 833, 836 (1960). Thus the trial court rightly regarded the allegation as within the terms of the exception in 12 V.S.A. § 5602(6).

The cross-complaint goes on to assert that, since other landfills are presently being operated without being required to submit for approval complete engineering plans to the Agency of Environmental Conservation, the defendants are being discriminated against because they have been so required. It is hornbook law that such an allegation against an enforcement agency does not, by itself, support an actionable claim, to say nothing of a constitutional issue. See *Le-Clair* v. *Saunders*, 627 F.2d 606, 608 (2d Cir. 1980); *In re Smith, Bell & Hauck Real Estate, Inc.*, 132 Vt. 295, 301–02, 318 A.2d 183, 188 (1974). Nor is there any doubt but that the determination of whether or not to prosecute or when to prosecute is a discretionary decision. *State's Attorney* v. *Attorney General*, 138 Vt. 10, 13–14, 409 A.2d 599, 601–02

(1979). The *LeClair* case, *supra,* at 609, outlines the standards that must be met in complaining of selective prosecution, standards not met here.

But beyond all of this lie the provisions of 12 V.S.A. § 5602(1), previously quoted, which preserve to the State the full defense of sovereign immunity in the making of such discretionary decisions. Applied here, it bars the suit.

The defendants in this Court refer to a consideration never pleaded or raised below as overruling sovereign immunity. They refer to 29 V.S.A. §§ 1401 and 1403, which authorize the purchase by the State of fire or casualty insurance and provide that such purchase constitutes a waiver of the defense of sovereign immunity to the extent of the policy coverage and a consent to be sued. But the pleader left the court below totally empty handed in this particular. No such circumstance was even suggested as a bar to the defense of sovereign immunity or in any way presented by pleadings or motion to that court. The possibility that the State even possesses insurance coverage which applies to this kind of activity is left entirely speculative. Cf. *Sanville* v. *Williams,* 138 Vt. 498, 501, 418 A.2d 860, 862 (1980). Moreover, this issue is governed by *Lomberg* v. *Crowley, supra,* 138 Vt. at 423, 415 A.2d at 1326, and could not, in view of all of our law, withstand the motion to dismiss. The ruling below was correct.

*Judgment affirmed.*