### Vermont Agency of Natural Resources v. Harry Holland

[613 A.2d 712]

No. 91-380

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed July 17, 1992

*Anne F. Whiteley*, Waterbury, for Plaintiff-Appellee.

*John C. Candon*, Norwich, for Defendant-Appellant.

**Gibson, J.** Defendant Harry Holland appeals an order of the Environmental Law Division denying his motion to dismiss an administrative order issued by the Secretary of the Agency of Natural Resources. We reverse.

On April 26, 1990, defendant and plaintiff Vermont Agency of Natural Resources entered into a consent order in superior court requiring defendant to construct a new septic system by October 15, 1990. The consent order made no provision for the assessment of a penalty if defendant failed to comply. On June 6, 1991, the Secretary issued an administrative order pursuant to the Uniform Environmental Law Enforcement Act, 10 V.S.A. §§ 8001–8017. The order found that defendant had violated several provisions of the consent order, assessed a penalty of $20,000, and required defendant to construct a septic system within twenty days.

Under 10 V.S.A. § 8008(a), "[t]he secretary may issue an administrative order when the secretary determines that a violation exists." A violation is defined as "noncompliance with one or more of the statutes specified in section 8003 of this title, or any related rules, permits, assurances, or orders." *Id.* § 8002(9).

Defendant requested a hearing before the Environmental Law Division and moved to dismiss the administrative order on jurisdictional grounds. The Environmental Law Division denied defendant's motion, concluding that the term "orders" in § 8002(9) is not limited to administrative orders or to assurances and orders issued by the Environmental Law Division, but also includes orders of a superior court. The division concluded that it was within the jurisdiction of the Secretary of the Agency of Natural Resources to issue an administrative order for noncompliance with a superior court consent order.

4 V.S.A. § 113 states: "The superior court shall also have *exclusive* jurisdiction to hear and dispose of any requests to modify or enforce any orders in civil cases issued by the superior or district court other than orders relating to those actions listed in sections 437 and 454 of this title." (Emphasis added.) Defendant argues and plaintiff concedes that the superior court has exclusive jurisdiction to enforce or modify the outstanding con-

sent order. Plaintiff argues, however, that it is not seeking to enforce the consent order but that it has initiated a new cause of action based on violations of a consent order related to the statutes specified in § 8003(a).

 We do not agree that the administrative order constitutes a new cause of action. Plaintiff does not allege any new environmental violations. See 10 V.S.A. § 8003(a) (itemizing statutes that Secretary may take action to enforce). Rather, the administrative order tracks the consent order and cites violations thereof. Plaintiff is seeking, in effect, to enforce the consent order through an administrative order, a procedure not authorized under 4 V.S.A. § 113. Where two statutory provisions conflict, interpretations that harmonize and give effect to both are favored. *Lomberg v. Crowley*, 138 Vt. 420, 423, 415 A.2d 1324, 1326 (1980). Accordingly, we conclude that the term "orders" as used in 10 V.S.A. § 8002(9) does not include orders of the superior court.

*Reversed and remanded to the Environmental Law Division with instructions to grant defendant's motion to dismiss the administrative order.*