### Rosemary Fuller v. City of Rutland

( 171 A.2d 58 )

November Term, 1960

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed January 3, 1961

Motion for Reargument Denied April 20, 1961

*O'Neill, Delany & Valente* for the plaintiff.

*Richard F. Sullivan* for the defendant.

**Smith, J.** The plaintiff claims personal injuries by reason of driving into a hole, covered by a pool of water, in Field Avenue in the city of Rutland. The plaintiff alleged in her tort action that the hole in the highway, which caused the accident, had resulted from excavations made by the city of Rutland at that spot in sinking a test hole to locate a sewer. Her complaint alleged that filling in the test hole by the municipal corporation had been done in an improper and negligent manner, and that the municipality had been further negligent in omitting to place any warning signs or devices to alert the travelling public to the dangerous condition there existing. Trial was had by jury, and, at the close of the evidence for the plaintiff, upon motion by the defendant, the lower court directed the jury to bring in a verdict for the defendant. The plaintiff is here on her appeal from verdict and judgment for the defendant.

The plaintiff alleged in her complaint that the municipal corporation was engaged in a proprietary function in the digging and the

filling of the test hole to locate a sewer. One of the grounds advanced by the defendant municipal corporation in its motion for a verdict directed in its favor was that the city was engaged in a governmental function in its sewer maintenance and, hence, was immune from tort liability. The evidence was undisputed that the excavating and filling by the city was done in an effort to locate a break in a sewer line.

The lower court stated to the jury that the furnishing of a sewer system by a municipality was a governmental act, for which the municipality could not be held liable for the negligence of its employees, at the time it granted defendant's motion for a verdict. Both parties to this action have briefed only the question of whether the municipality was engaged in a proprietary or governmental function in the work done by its employees on Field Avenue in digging and filling the test hole to locate a sewer.

■ The question presented, that is, whether the building and maintenance of sewers is a proprietary or governmental function, was decided by this Court in *Winn* v. *Village of Rutland*, 52 Vt. 481. In that case the village of Rutland was sought to be held liable for an overflow of sewage onto the premises of the plaintiff. This Court held that under the charter of the village the building and maintaining of sewers was not a duty imposed upon the village by the State for the public benefit, which would create a governmental function. The opinion then goes on to point out that under its charter the building and maintaining of sewers was a privilege given to the Village, to be exercised or not at its pleasure, and was therefore a proprietary function. As such the power granted carried with it an implied obligation to use the power granted in such a way as to work no unnecessary injury to persons or property affected by its exercise. Although the Village of Rutland in 1893 became the City of Rutland, the charter of the City does not vary from that of the Village in its grant of power to construct and maintain sewers, such grant being "is authorized and empowered." It is to be noted, too, that while the Winn case involved property damage and the instant case involves injury to the person, the Winn case applied to injuries to both.

■ The evidence is that the excavation in Field Avenue was dug in an attempt to locate a sewer, even though the hole was in the highway. It has been held by this Court that the use of a certain object,

such as a water valve, might be either "governmental" or "proprietary" depending upon the use to which it was being put. *Bogurski* v. *City of Winooski,* 108 Vt. 380, 389, 187 A. 808. And compare, *Clain* v. *City of Burlington,* 202 F.2d 532, 534. So, also, the rule as to liability from negligence arising from the construction, repair or other work performed by a municipality may be either "governmental" or "proprietary," depending upon the use and purpose for which the labor is being performed. For example, if the excavation of the hole, here complained of, had been performed in the maintenance of the highway at the point, under our cases it would have been a governmental function, and the municipality would have been immune from tort liability.

The defendant has urged that for policy reasons this Court should sustain the ruling of the trial court that the construction and maintenance of sewers is a governmental function. But, as stated by Justice Barney in *Marshall* v. *Town of Brattleboro,* 121 Vt. 417, 160 A.2d 762, 767, "extension of immunity ought to be granted only on the basis of strong policy reasons." We find no such basis here in view of the fact that the doctrine set forth in the Winn case has been the law for more than eighty years, and also having in mind that the modern tendency in both courts and legislatures is to restrict, rather than enlarge, governmental immunity from liability.

We find that the lower court erroneously stated the law to the jury in directing a verdict in favor of the defendant. But such error will not result in a reversal if the record before us discloses any legal ground which would justify the granting of the motion for a directed verdict by the lower court. Our rule is that we will affirm a ruling of a trial court upon any legal ground shown by the record, even though the ground may not have been raised below and may not be briefed. *Kendall* v. *Borofsky,* 118 Vt. 352, 359, 111 A.2d 251; *Newport Savings Bank* v. *Manley,* 114 Vt. 347, 45 A.2d 199; *McNamara* v. *Pickett,* 109 Vt. 500, 504, 1 A.2d 716.

In addition to the ground of governmental immunity, the defendant set forth in its motion for a directed verdict other grounds for the consideration of the lower court, including claimed failure on the part of the plaintiff to prove any negligence, or neglect of duty on the part of the defendant.

■ In considering a motion for directed verdict we must view the evidence in the light most favorable to the party against whom the motion is made. *Goodrich* v. *Lash,* 121 Vt. 15, 18, 146 A.2d 169. The tendency of the evidence and not its weight is to be considered. *In re Will of Montgomery,* 121 Vt. 344, 346, 162 A.2d 344.

The acts of negligence alleged by the plaintiff in her complaint as having been committed by the municipality were improper filling of the street so as to leave a dangerous condition, failure to use warning devices of any sort to alert the travelling public of the danger alleged to exist, and, in a second count, the leaving of the excavation in a dangerous condition. It is necessary now to briefly summarize the evidence in the light of the complaints made.

Employees of the City of Rutland had dug a hole some seven or eight feet deep and some three feet in width on the south edge of Field Avenue, which avenue runs in a general east to west direction. The hole was dug in an unsuccessful attempt to locate a sewer line. The hole was refilled by the city employees by a process of placing six inches of fill in the hole, tamping the same, and continuing the process until the work was completed, the customary way of doing such work. The work was completed on the day before the accident complained of here, and the hole was filled to slightly above the level of the surrounding highway in the late afternoon of that day. Field Avenue was of blacktop surface, but such surface was not applied to the filled excavation, it being common practice to allow the fill to "settle" before a new surface was to be applied.

In the early morning of the day after the completion of the work, a Sunday, the plaintiff was travelling in an easterly direction on Field Avenue at a slow rate of speed. It had rained heavily during the night and the plaintiff saw ahead of her a pool of water to her right hand side of the center of the highway. There were no warning signs at or near this spot. She did not attempt to go around the puddle and in driving through it her car dropped into a hole causing her claimed injuries. The hole extended four feet in the road from the southerly edge of the highway, the depth not testified to, and it is undisputed that the hole was at the site of the filled excavation. The hole had the appearance of having been undermined by water.

■ The burden of showing that the defendant was guilty of some negligent act or omission that proximately caused the accident

was on the plaintiff. *Longchamp* v. *Conti*, 115 Vt. 492, 493, 66 A.2d 1. Evidence which merely makes it possible for the fact in issue to be as alleged, or which raises a mere conjecture, surmise or suspicion, is an insufficient foundation for a verdict. There must be substantial evidence fairly and reasonably tending to support the plaintiff's claim to make a case for the jury. *Peterson* v. *Post*, 119 Vt. 445, 451, 128 A.2d 668.

The evidence seems clear that the hole that caused the injury to the plaintiff did not exist at the time that the filling of the excavation in Field Avenue was completed. In the absence of a dangerous condition existing at the time of the municipality's completion of the work it is obvious that no duty then rested on the municipality to warn of a non-existing hazard.

■ The evidence is equally clear that the hole must have come into existence during the night of heavy rain that intervened between the completion of the work done by the defendant and the happening of the accident to the plaintiff. There is an entire absence of evidence in the case that there was any negligence on the part of the municipality, through its employees, in filling the hole. Nor is there any evidence in the case that the defendant knew or should have known that any harm would come to the plaintiff as a result of the digging and filling of the excavation. The evidence in the case does not connect the fact of the injury to an act or agency that was the responsibility of the defendant, which must be done to establish liability for negligence. *McDonnell* v. *Montgomery Ward*, 121 Vt. 221, 229, 154 A.2d 469.

■ A jury, in considering the evidence here, would have had to indulge in pure speculation on whether the hole causing the accident resulted only from the heavy rainfall, or from faulty filling of the excavation on the part of the municipality, or from a combination of both factors. Such conjecture on the part of a jury would be insufficient foundation for a verdict. *Peterson* v. *Post, supra.*

*Judgment affirmed.*