## City of Burlington v. Glens Falls Insurance Company

[340 A.2d 89]

No. 35-75

Present: **Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.**

Opinion Filed June 3, 1975

*Joseph E. McNeil, Esq.*, Burlington, for Plaintiff.

*Paul, Frank & Collins*, Burlington, for Defendant.

**Daley, J.** Edward Dugan was injured by a fall into a partially uncovered manhole located within the street right-of-way at the northeast corner of Champlain Street and King Street in Burlington and subsequently filed a complaint against the city. By declaratory judgment action, plaintiff City of Burlington asked the Chittenden Superior Court to determine that the provisions of its comprehensive liability policy with defendant Glens Falls Insurance Company required the insurer to cover and defend the city against Dugan's personal injury claim.

Defendant refused to defend the city, pointing to an exclusion endorsement in the city's comprehensive general liability policy which provided:

> Such insurance . . . for bodily injury liability and property damage liability does not apply to an occurrence arising out of the ownership, maintenance, operation or use of highways, roads, streets and sidewalks.

The city argued successfully below that the alleged negligently maintained catch basin is not an appurtenance of the street, but is instead part of the storm drainage system. Concluding that the design and maintenance of the catch basin were not performed in maintaining the highway, the lower court judged that Dugan's cause of action did not fall within the exclusionary policy provision and ordered defendant to defend and respond within policy limits to any judgment against the insured. The insurance company appeals here.

The issue before us is a narrow one: whether or not a catch basin and grate lying within a city street is part of that street, thus executing the policy exclusion. We conclude that the catch basin and grate are part of the street and therefore that the lower court improperly ruled the exclusion inapplicable.

In reversing the judgment, we are aware of the general rule that since the purpose of this type of insurance contract is to provide protection against liability claims, policy terms must therefore be given interpretation consistent with that purpose, with limitations and exclusions strictly construed. *American Fidelity Co.* v. *North British & Mercantile Insurance Co.,* 124 Vt. 271, 274, 204 A.2d 110 (1964). But to

conclude, as did the lower court, that a catch basin and drain are part of the city sewer system is not to say that the drain is not also part of the street. Drains and catch basins have been judged parts of streets and sidewalks. *See, e.g., Hampton* v. *State Highway Comm.,* 209 Kan. 565, 498 P.2d 236 (1972); *Labruzza* v. *Boston Insurance Co.,* 198 So.2d 436 (La. 1967); *City of Louisville* v. *Redmon,* 265 Ky. 300, 96 S.W.2d 866 (1936). And, in this State, tiles, sluices, and catch basins have been deemed necessary for purposes of maintaining a highway as a means of providing an outlet for naturally flowing surface waters. *Town of Manchester* v. *Cherbonneau,* 131 Vt. 107, 111, 300 A.2d 548 (1973); *Sanborn* v. *Village of Enosburg Falls,* 87 Vt. 479, 482, 89 A. 746 (1914).

We conclude, then, that when Dugan fell into the partially uncovered manhole in the street, a liability claim arose from an occurrence arising out of the ownership, maintenance, and use of the city street. Due to this, the policy exclusion was invoked and there was no contractual duty on the part of defendant insurer to enter the case on behalf of the city.

*Reversed and remanded for entry of judgment in accordance with the views expressed in the opinion.*