### James Sexton v. Kenneth Greer, et al.

[376 A.2d 750]

No. 207-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed June 7, 1977

Motion for Reargument denied June 27, 1977

*Wool & Murdoch,* Burlington, for Plaintiff.

*Ewing & Spokes,* Burlington, for Defendant.

**Billings, J.** The appellant and a fellow Essex Junction police officer were laid off for alleged reasons of "economic necessity" effective September 15, 1975. Both officers appealed to the Chittenden Superior Court, claiming that they were tenured police officers and entitled to the protection of 24 V.S.A. §§ 1931-1933. The trial court found the lay-offs unjustified and ordered both officers reinstated. Upon appeal to this Court, *Audette* v. *Greer,* 134 Vt. 300, 360 A.2d 66 (1976), the reinstatement order was vacated as applied to the appellant. It held that he was not a tenured officer because he had not "served continuously for one year" as of the termination date. During the pendency of the appeal, the town reinstated the appellant pursuant to the trial court's order. On May 15, 1976, appellant was again laid off, and he commenced this action alleging that he now had acquired tenure by tacking, *i.e.,* his service from September 15, 1975, to May 15, 1976, added to his previous service fulfilled the statutory requirement for continuous service for one year. Thus, he could not be terminated without being afforded the protection of 24 V.S.A., chapter 55.

Upon an agreed stipulation of the facts, the Chittenden Superior Court issued findings and conclusions of law dismissing plaintiff's complaint. It based its legal conclusion on the doctrine of res judicata. *Audette* v. *Greer, supra.* Plaintiff now appeals.

In *Audette* v. *Greer,* it was clear that on September 15, 1975, after having served only ten months, appellant was not a tenured officer. He now contends that he acquired tenure by virtue of appellee's compliance with the trial court order of reinstatement during the pendency of the appeal. However, that reinstatement order became a nullity as of its original date once it was vacated by this Court. "Vacate" is defined: "To annul; to set aside; to cancel or rescind; to render an act void ...." Black's Law Dictionary 1717 (4th ed. 1968). Once the trial court's order is vacated, the case is left as if that order had never been rendered. See *Brooks* v. *Ulanet,* 116 Vt. 49, 68 A.2d 701 (1949). Further, it cannot be said that defendant's compliance with the trial court's order was a voluntary act; thus during the interim the appellant gained no rights as a de facto officer.

We have reviewed the findings of fact based on the stipulation of facts, and find them legally sufficient, particularly because the plaintiff failed to object to them, and failed to make any requests or file any motion to amend pursuant to V.R.C.P. 52(b).

The record shows that the trial court erred in basing its conclusion of law on the doctrine of res judicata. That error will not result in reversal if the record before us discloses any legal ground which would justify the result. The trial court has achieved the right result for the wrong reason. *State* v. *Kelly*, 131 Vt. 582, 588, 312 A.2d 906 (1973); *Fuller* v. *City of Rutland*, 122 Vt. 284, 287, 171 A.2d 58 (1961).

*Affirmed.*