## Edward J. Dugan v. City of Burlington

[375 A.2d 991]

No. 240-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed June 7, 1977

*Graves and Nicholson*, South Burlington, and *William R. Roby, III*, Waterbury, for Plaintiff.

*Joseph E. McNeil*, Burlington, for Defendant.

**Daley, J.** The plaintiff Edward Dugan allegedly suffered bodily injury when, as he was walking along a street in the City of Burlington, he fell into a partially uncovered catch-basin. In a complaint filed in the Chittenden Superior Court, he alleged that the injuries he sustained were due to the negligence of the city in designing and maintaining the catch-basin and grate. He presently appeals from the superior court's order, based on the doctrine of sovereign immunity, granting the defendant City of Burlington's motion to dismiss for failure to state a claim upon which relief could be granted.

In reviewing the court's order, we are to regard all facts properly pleaded by the non-moving party as having been admitted by the moving party. *Huey* v. *Bates*, 135 Vt. 160, 375 A.2d 987 (1977). Therefore, the sole facts for our consideration are those enumerated above. On the basis of these facts, we hold that the superior court improperly granted the city's motion to dismiss and that the cause must be remanded for further proceedings.

The law of sovereign immunity as it has developed in this jurisdiction places emphasis upon the distinction between "proprietary" and "governmental" functions. Absent insurance coverage, those functions which are governmental are protected by the doctrine of sovereign immunity, while, in contrast, the governmental unit will be liable for injuries caused or sustained in furtherance of its proprietary functions. *Fuller* v. *City of Rutland*, 122 Vt. 284, 286, 171 A.2d 58 (1961). The building and maintenance of streets and sidewalks are governmental functions, *Town of South Burlington* v. *American Fidelity Co.*, 125 Vt. 348, 350, 215 A.2d 508 (1965), while the maintenance of

sewers is considered proprietary. *Stoneking* v. *Orleans Village*, 127 Vt. 161, 167, 243 A.2d 763 (1968); *Fuller* v. *City of Rutland*, *supra*.

■ The plaintiff's complaint stated that his injuries were caused by a fall into the partially uncovered catch-basin. From this complaint, the only document available to review the court's order, it cannot be ascertained whether the catch-basin was used and maintained by the city as part of its streets or as an integral aspect of its sewer system. The superior court's reference to the structure as a "man-hole" serves to indicate this underlying uncertainty. Under V.R.C.P. 12(b)(6), as under the comparable federal rule,

> a complaint should not be dismissed for insufficiency unless it appears to a certainty that a plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. . . . Mere vagueness or lack of detail is not a ground for a motion to dismiss, but should be attacked by a motion for a more definite statement. [2A Moore's Federal Practice § 12.08, at 2271-2285 (1968)].

■ It has previously been stated by this court that a certain object may, depending upon its use at a particular time and place, involve either a governmental or proprietary function. *Fuller* v. *City of Rutland, supra,* 122 Vt. at 286-87; *Boguski* v. *City of Winooski,* 108 Vt. 380, 389, 187 A. 808 (1936). In view of the potential dual function of a certain object, the plaintiff is not precluded as a matter of law from proving that the catch-basin and grate are part of the sewer system regardless of our holding in an earlier declaratory judgment proceeding that the catch-basin and grate are part of the street. *City of Burlington* v. *Glens Falls Insurance Co.,* 133 Vt. 423, 340 A.2d 89 (1975).

*Judgment reversed and cause remanded for further proceedings.*