## Peter Richards v. Union High School District No. 32

[400 A.2d 987]

No. 85-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 3, 1979

*McKee, Giuliani & Cleveland* (*David F. Kelley*, On the Brief), Montpelier, for Plaintiff.

*Leslie C. Pratt* and *Philip H. Zalinger, Jr.*, of *Paterson, Gibson & Noble*, Montpelier, for Defendant.

**Daley, J.** The plaintiff worked for two related but legally distinct entities, Union High School District No. 32 and the Washington Central and Northeast Supervisory Unions (Supervisory Unions), under two contracts. U-32 engaged him as a "media production specialist" from August 1, 1973, to July 31, 1974, at a salary of $3,307. The Supervisory Unions hired

him as a "career education project director" from July, 1973, through June, 1974. Neither contract was renewed, but this action concerns only the agreement with U-32.

The plaintiff's contract was subject to a negotiation agreement between the teachers' association and the U-32 board of directors. It required that a teacher be notified by February 15 whether he would be rehired for the following year. The plaintiff was not formally apprised that he would not be rehired until July. And the parties agree that, in this regard, the Board breached its contract.

The plaintiff instituted a civil action in the superior court, based on this breach of contract and the allegation that he had been offered, and had accepted, another position at a salary of $10,800, but which had been eliminated for budgetary reasons. He sought to recover the sum of $10,800 and a sum equivalent for loss of fringe benefits. The cause was heard by the court, jury waived.

The trial court found that the terms of the negotiation agreement were not followed. It also found, however, that the plaintiff was offered a job as a "senior audio visual aide technician" on June 12, 1974, but that he sought other employment in his specialty, finding a position at a salary of $4,000. It concluded that the plaintiff refused the alternate slot and for that reason was not entitled to a recovery for breach of contract. Judgment was entered for the defendant.

 In his appeal, the plaintiff seeks to have us reverse the trial court, claiming that its conclusions of law are not supported by the evidence and the findings of fact. In particular, he attacks its conclusion that he rejected an alternate offer of employment. He argues, in his brief, that a bona fide offer was never actually made and that because the Board did not resolve the matter in due time it breached the notice of non-renewal provision of the negotiation agreement. The defendant agrees that the lower court's conclusion is erroneous but argues that such error does not require reversal because its determination can be supported on other grounds. We agree.

 On June 12, 1974, the principal of U-32 wrote a letter to the plaintiff which discussed the possibility of employment as a "senior audio visual aide technician." It closed, "Before

I can submit your contract to the Board for approval, I need your response to this matter." The trial court nonetheless concluded that the letter constituted an offer of alternate employment. On appeal, the parties apparently concur that it expresses, at best, a willingness to propose to the school board that the plaintiff be hired under the terms of that job description. Furthermore, the undisputed evidence reveals that the principal was never authorized to offer a contract to the plaintiff. No offer having been made, the conclusion that the plaintiff rejected the alternative is erroneous.

The trial court's ultimate disposition, dismissing the plaintiff's action, will, however, be affirmed. Error will not result in reversal if the record before us discloses any legal ground which would justify the result, even though the ground may not have been raised below and may not be briefed. *Sexton* v. *Greer*, 135 Vt. 343, 345, 376 A.2d 750, 751 (1977); *Fuller* v. *City of Rutland*, 122 Vt. 284, 287, 171 A.2d 58, 60 (1961).

██ Because no offer of a job at $10,800 was ever made or rejected, the plaintiff's losses are restricted to those arising from the Board's failure to comply with the nonrenewal provision. No other damages are shown by the evidence. In fact, at the other job the plaintiff earned approximately $700 more than the $3,307 called for by his contract with U-32. By securing alternate employment at a higher salary, the plaintiff mitigated any damages he might have suffered by the breach. Accordingly, the court correctly dismissed the complaint.

Since the court reached the correct legal result, the judgment, even though founded upon a wrong reason, will not be disturbed.

*Judgment affirmed.*