# F. W. Webb Company v. Scott L. Martell

[542 A.2d 286]

No. 86-247

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.),**
**Specially Assigned**

Opinion Filed January 22, 1988

*Mark W. Roberts* of *Bloomberg & Associates*, Burlington, for
Plaintiff-Appellee.

*John H. Fitzhugh* of *Sheehey, Brue & Gray*, Burlington, for
Defendant-Appellant.

**Barney, C.J.** (Ret.), Specially Assigned. The corporation Martell Plumbing and Heating, Inc., a family business of which the defendant Scott Martell was vice-president at all relevant times, ran afoul of the corporate reporting requirement of 11 V.S.A. § 2152. As a result, it ceased to exist as a corporation as of July 29, 1983 in accordance with 11 V.S.A. § 2063. The business continued to operate and, after termination, the plaintiff F.W. Webb Company furnished the plumbing company with merchandise in the claimed amount of $20,070.44. The plumbing company has since ceased operations, and the plaintiff made claim of the defendant personally for the cost of goods furnished after the charter revocation.

Both sides moved for summary judgment, and the lower court found the defendant liable, but only for part of the amount claimed. The partial damage judgment was based on the action of the office of Secretary of State in attempting to reinstate the corporation as of April 29, 1984. That office determined that it had failed to issue a "notice of revocation" at the expiration of the

nine-month period in which the corporation had to seek reinstatement. Both parties appeal, with plaintiff appealing on the grounds that the reinstatement should have had no retroactive effect. We find the reinstatement order of the Secretary of State unfounded in law, thus enlarging the period of defendant's liability. We affirm as to liability and remand as to damages.

The uncontroverted facts may be quickly stated. Martell Plumbing and Heating, Inc. was chartered in 1981, by Lawrence Martell, who was president of the company until his death. He was the father of the defendant. Defendant worked as an employee of the company at the direction of his father from 1982 until his father's death. He also served as vice-president of the corporation from November, 1981 until the business ceased operations. Stock in the company was issued in defendant's name from the time the corporation was established. In March, 1983, the company failed to file its annual report due at the end of its fiscal year pursuant to 11 V.S.A. § 2152. As required by 11 V.S.A. § 2063, the Secretary of State mailed to the designated corporate agent a notice of termination. This agent was the president, Lawrence Martell, who at the time, was terminally ill with cancer. That notice stated that reinstatement was possible within nine months of the termination by filing the delinquent report and paying a penalty fee of $25. This was not done, nor was any annual report for 1984 filed.

During the period following termination, the plaintiff supplied the company with merchandise claimed, according to invoices, in the amount of $20,070.44. The company continued to carry on its usual business during this period, with the defendant, along with other family members, assuming managerial responsibility for its day-to-day operation. After the decease of Lawrence Martell, the defendant, who became a director and secretary of the corporation in April, 1984, signed checks, executed contracts, and signed federal and state tax returns. The defendant claims he was not aware of the termination notice that had been sent to his father.

The lower court correctly determined that 11 V.S.A. § 2063 operates to terminate the existence of a corporation that fails to file its annual report properly, effective upon the sending of notice of termination by the office of the Secretary of State. All that happened in this case, and the corporation ceased to exist. There was no attempt at reinstatement within the nine months allowed by

11 V.S.A. § 2063, so we have no issue concerning the status of the corporation between termination and reinstatement.

The Secretary of State attempted to reinstate the corporation because of its own failure to send a second "notice of revocation" at the end of the nine-month period, which affirms termination, and which is also required by § 2063. That notice of revocation serves to trigger the provisions of 11 V.S.A. § 2056 which provide the lawful means of dissolving the corporation upon notice to creditors by liquidation. No authority is given in this statute, or anywhere else, except for the special nine-month provision of 11 V.S.A. § 2063, for the Secretary of State to reinstate corporate existence. Whatever the effect of the failure of the Secretary of State to send the notice of revocation, it does not empower the Secretary of State to reinstate, and such attempted action has no legal foundation and is of no effect.

The defendant, who personally directed the operation of the business as a corporation after termination until it ceased activity, is therefore individually liable for the business' debts under 11 V.S.A. § 2213:

All persons who assume to act as a corporation without authority so to do shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof.

The trial court correctly so adjudged.

The error was to give credence to the Secretary of State's purported reinstatement and limit damages accordingly. This is unsupportable under our corporate law, and the case must be sent back for recomputation of the amount owed to the plaintiff by the defendant as a result of acting as a corporation after legal termination.

*The granting of summary judgment on the issue of the defendant's liability is affirmed, the damage award is stricken and the cause is remanded for further proceedings to determine the correct damage award in accordance with the views expressed in the opinion.*