**Theodore A. KELLY, Jr. v. TOWN OF BRATTLEBORO**

[641 A.2d 345]

No. 92-581

October 1, 1993. Plaintiff sued the Town of Brattleboro after driving his car into an excavation on a Town street, and appeals from an order of the Windham Superior Court granting the Town's summary judgment motion. We reverse and remand.

The accident occurred at the site where the Town was reinstalling a water service pipe, owned by a private business, at a lower depth to keep the pipe from freezing during the winter. In its ruling on the motion for summary judgment, the trial court characterized the work as road maintenance. The court concluded that even though "the road was excavated by the Town for purposes beneficial to and required by a private citizen . . . benefit to private landowners and advantages to privately

owned properties are necessary and normal in the performance of road maintenance tasks." As such, the court found that the Town was performing a governmental function, and granted defendant's summary judgment motion on grounds of sovereign immunity.

Plaintiff argues that the Town's work was proprietary, not governmental, and, therefore, the Town was not shielded by sovereign immunity. In *Dugan v. City of Burlington*, 135 Vt. 303, 304, 375 A.2d 991, 992 (1977), we held that "those functions which are governmental are protected by the doctrine of sovereign immunity, while, in contrast, the governmental unit will be liable for injuries caused or sustained in furtherance of its proprietary functions." The plaintiff in *Dugan* claimed that he had been injured by falling into a partially covered sewer catch-basin. *Id.* at 305, 375 A.2d at 992. We reversed the trial court's dismissal of the complaint because it was uncertain whether the catch-basin was part of the sewer system or part of the street. If on remand the basin was found to be part of the sewer system, the city's action would have been proprietary. *Id.*

In *Fuller v. City of Rutland*, 122 Vt. 284, 171 A.2d 58 (1961), we confirmed *Winn v. Village of Rutland*, 52 Vt. 481 (1880), and held that municipal sewer activities were proprietary. In *Fuller*, the plaintiff had driven into a water-filled hole in a city street, which had been dug to repair a sewer line, and brought a negligence claim against the city. 122 Vt. at 285, 171 A.2d at 58. We ruled that the purpose of the road work determines the nature of the city's action, and that street work done to repair sewers is a proprietary rather than a governmental function. *Id.* at 287, 171 A.2d at 59–60.

Defendant contends that we should distinguish water services from sewer services, and that water services qualify as a governmental function. We see no reasoned basis to draw such a distinction and depart from our precedents, however, since the functional and economic nexus of each is indistinguishable. See *Boguski v. City of Winooski*, 108 Vt. 380, 389, 187 A. 808, 812 (1936) (business of supplying residents with water for domestic purposes is private in character). Given the absence of any functional distinction between water and sewer services, and the absence of any activity relating to highway maintenance in undertaking the repair, this case is indistinguishable from *Fuller*. In the performance of a proprietary function, the Town cannot claim sovereign immunity.

*Reversed and remanded.*