Morris, Hollis, Marvin & Wilbur
ROWELL & Rowell Bros., Inc. v.
UNION BANK

[674 A.2d 1256]

No. 94-112

January 11, 1996. Rowell Bros., Inc. appeals the Orleans Superior Court's grant of summary judgment in favor of Union Bank, holding that 11 V.S.A. § 2075 (repealed 1994) bars this conversion action. The issue on appeal is whether the limitations period of 11 V.S.A. § 2075 was triggered when notice of termination was issued for failure to file an annual report. Rowell Bros. argues that (1) in cases of involuntary dissolution, the limitations period commenced when notice of revoca-

tion was issued, and (2) because Rowell Bros. began a voluntary dissolution procedure, it was not obligated to submit an annual report. We conclude Rowell Bros. ceased to exist as a corporation when notice of termination was sent, January 10, 1986, and that the statute of limitations had run when the suit was brought. We affirm.

On September 18, 1984, Union Bank auctioned off real and personal property belonging to Rowell Bros. On September 17, 1990, Rowell Bros. filed this conversion action. Generally, the statute of limitations for conversion is six years. 12 V.S.A. § 511. However, 11 V.S.A. § 2075 required a dissolving corporation to bring an action within three years of the date it ceased to exist.

In *F.W. Webb Co. v. Martell*, we found that dissolution for failure to file an annual report is effective once notice of termination is sent by the Secretary of State. 149 Vt. 254, 255, 542 A.2d 286, 287 (1988). Accordingly, dissolution for purposes of § 2075 related back to the date notice of termination was issued. Rowell Bros. argues that dissolution is not effective until the Secretary of State issues a notice of revocation. The notice of revocation, however, merely affirms the termination and triggers 11 V.S.A. § 2056 (repealed 1994), which provides a lawful means of dissolving the corporation. *Id.* at 256, 542 A.2d at 287-88. It is not a prerequisite to dissolution. In the usual case, the corporation ceases to exist after some act or omission. Dissolution triggers the process of winding up corporate affairs. Under Rowell Bros.' theory, the corporation would legally exist until all its affairs were wound up. If this were true, § 2075 might extend the statute of limitations beyond the general six-year limit indefinitely. We decline to construe 11 V.S.A. § 2075 such that it would have produced an unreasonable result.

Furthermore, under 11 V.S.A. § 2063 (repealed 1994), a corporation could be "reinstated" if the corporation paid a fee and submitted an annual report within nine months. 11 V.S.A. § 2063. To be "reinstated," the corporation must have changed its status when notice of termination was issued, i.e., it must have ceased to exist.

Rowell Bros. also argues that it was absolved from filing an annual report because it lost all its property and initiated voluntary dissolution procedures. A corporation is required to file an annual report, however, even if it has ceased to do business and is winding up its affairs. 5A Fletcher Cyclopedia of the Law of Private Corporations § 2301, at 615 (perm. ed. 1995). Corporations may not evade the law by filing articles of dissolution. The obligation to file ends once a corporation winds up its affairs. If Rowell Bros. had wound up its affairs before the annual report was due, this action would still be barred, because the statute of limitations in 11 V.S.A. § 2075 would necessarily have been tolled prior to January 10, 1986, and the six year limit exceeded. The letter sent by the Tax Department informed Rowell Bros. that it was not dissolved as of December 5, 1985 and that the voluntary dissolution would not be complete until Rowell Bros. received tax clearance. Therefore, Rowell Bros. should have known that the obligation to file an annual report still applied as of December 5, 1985.

Finally, Rowell Bros. argues that if a corporation were dissolved by failing to file an annual report, it could shirk its tax obligations and not obtain a tax clearance. This, plaintiff alleges, contradicts the legislature's intent. However, this could be true whether a corporation dissolves voluntarily or involuntarily, and is why annual reports, which include the names and addresses of the officers and directors, must be filed until the corporation is wound up.

Rowell Bros., Inc. ceased to exist as of January 10, 1986 because it failed to file

an annual report; accordingly, 11 V.S.A. § 2075, the controlling law when the conduct giving rise to this action occurred, bars this claim.

*Affirmed.*