Filed 06/24/24

VERMONT SUPERIOR COURT
Bennington Unit
207 South St
Bennington VT 05201
802-447-2700
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-01280

---

**Jeffrey Rivard v. State of Vermont et al.**

---

## ENTRY REGARDING MOTION

Title:          State Defendants' Motion for Summary Judgment; Town Defendants' Motion for Judgment on the Pleadings; Town Defendants' Motion for Summary Judgment; Plaintiff's Motion for Partial Summary Judgment (Motion: 24; 27; 28; 30)
Filer:          Zachary Chen; Brian P. Monaghan; Brian P. Monaghan; Jeffrey M Rivard
Filed Date:     May 01, 2024; May 03, 2024; May 03, 2024; May 06, 2024

This matter is before the court based on cross-filings seeking summary judgment and a motion for judgment on the pleadings. The plaintiff is Jeffrey Rivard, proceeding pro se. The defendants are currently: The State of Vermont and a court clerk, Marcia Olander (collectively "State Defendants"); and the Town of Brattleboro and Police Officer Ryan Washburn (collectively "Town Defendants"). Previously, the Brattleboro Police Department was dismissed as a defendant. The factual allegations are that Officer Washburn falsely arrested Mr. Rivard causing him injury, and that later, the clerk of the court lost or maliciously disposed of two papers provided to Mr. Rivard during his arraignment on the charges connected to his arrest.[1]

The only cognizable claim recognized by this court is a claim for conversion for the loss of the papers. See Decision on Mtn to Dismiss (August 7, 2023). To the extent, if any, that other claims exist for assault and battery, libel, false imprisonment, or unlawful arrest, those claims were only asserted against the Town of Brattleboro and Officer Washburn, not against the State of Vermont or the Windham Court Clerk. The claim for conversion was only asserted factually against a Windham Court Clerk and the State of Vermont. The court notes that Marcia Olander has accepted service as the Windham Court Clerk, while she maintains that Mr. Rivard has failed to establish the identity of the clerk in question.

The Town Defendants' motion for judgment on the pleadings (Motion 27) is **GRANTED**. The State Defendants' motion for summary judgment (Motion 24) and Town Defendants' motion for summary judgment (Motion 28) are **GRANTED**. Mr. Rivard's motion for partial summary judgment (Motion 30) is **DENIED**.

---

[1] Mr. Rivard's claims are difficult to parse due to wandering assertions and nonsensical attempts at legalese.

### I.        Pro Se Litigant

The court recognizes that Mr. Rivard is proceeding pro se. Pro se litigants receive some leeway from courts, but are still obligated to follow the ordinary rules of civil procedure. *Fox v. Fox*, 2022 VT 27, ¶ 39, 216 Vt. 460. A court must not permit unfair advantage to be taken of a pro se litigant by strict adherence to the rules. *In re Verizon Wireless Barton Permit*, 2010 VT 62, ¶ 22, 188 Vt. 262.

### II.        Judgment on the Pleadings

Judgment on the pleadings is appropriate under Vermont Rule of Civil Procedure 12(c). The motion may be granted when the moving party demonstrates that they are entitled to judgment as a matter of law on the pleadings alone. *Huntington Ingalls Industries, Inc. v. Ace American Insurance Company*, 2022 VT 45, ¶ 17, 217 Vt. 195. All well-pleaded factual allegations in the nonmovant's pleadings and related reasonable inferences that can be drawn from the factual allegations are considered as true in deciding a motion for judgment on the pleadings: all contravening assertions by the movant are considered as false. *Id*.

Here, Officer Washburn asks for judgment on the pleadings pursuant to 24 V.S.A. § 901(a) which requires suits against municipal officers to be brought against the town in which that officer serves. Or, in an alternative argument, if a police officer is considered an employee, not a municipal officer, then 24 V.S.A. § 901a(b) applies, wherein suits against municipal employees acting within the scope of their employment shall be brought against the municipal employer. Vermont law does not exclude municipal officers from also being considered municipal employees, therefore the court concludes that Officer Washburn is at minimum a municipal employee subject to 24 V.S.A. § 901a protections. See *Civetti v. Turner*, 2020 VT 23, ¶ 25, 212 Vt. 185.

According to Mr. Rivard's pleadings, Officer Washburn was a police officer acting within the scope of his duties when the alleged injuries occurred, i.e. he was arresting Mr. Rivard. No evidence, outside of Mr. Rivard's bare accusations in his pleadings, has been brought forward that Officer Washburn was acting willfully or intentionally in causing injury. Therefore, the suit against him is dismissed.

The Town of Brattleboro further seeks summary judgment that the town has municipal immunity in this suit in the event that Officer Washburn does not have immunity. Vermont law requires that municipalities waive municipal immunity for suits against municipal employees, limiting their defenses to those available to the employee. 24 V.S.A. § 901a(c); *Civetti v. Turner*, 2020 VT 23, ¶ 13–14, 212 Vt. 185. Since this court has concluded Officer Washburn has immunity, the Town of Brattleboro may not assert its municipal immunity.

### III. Summary Judgment

A motion for summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). Allegations of the nonmoving party, if supported by admissible evidence, are regarded as true when determining if a genuine issue of material fact exists. *Morisseau v. Hannaford Bros.*, 2016 VT 17, ¶ 12, 201 Vt. 313. The benefit of reasonable doubts and inferences goes to the nonmoving party. *Id.* The procedures of Rule 56 should be construed liberally in favor of resolving disputes on the merits. *Stone v. Town of Irasburg*, 2014 VT 43, ¶ 57, 196 Vt. 356.

A moving party has the burden of showing that there are no disputed issues of material fact. *Fitzgerald v. Congleton*, 155 Vt. 283, 294 (1990). When a moving party is a defendant, i.e., the moving party does not bear the burden of persuasion at trial, the defendant may satisfy their burden of production by showing the court that there is an absence of evidence to support the plaintiff's case. *Boyd v. State*, 2022 VT 12, ¶ 19, 216 Vt. 272. The burden then shifts to the plaintiff to show that there are material facts in dispute. *Id.* The evidence brought forward by the plaintiff must be more than "mere conjecture, surmise or suspicion" as that is an insufficient foundation for a verdict. *Id.* (quoting *Fuller v. City of Rutland*, 122 Vt. 284, 289 (1961)). A plaintiff defeats a motion for summary judgment if they respond with specific facts raising triable issues, and they demonstrate sufficient evidence to support a prima facie case. *State v. G.S. Blodgett Co.*, 163 VT 175, 180 (1995).

A party facing summary judgment may not rest on an allegation in their complaint and other motions, but must bring forward admissible evidence. V.R.C.P. 56(c). A verified complaint may be treated as an affidavit for summary judgment purposes, provided it meets the requirements of an affidavit. *Johnson v. Harwood*, 2008 VT 4, ¶ 9, 183 Vt. 157.

Here, the defendants have shown that there is an absence of evidence supporting Mr. Rivard's case, and that Mr. Rivard has not produced evidence to support a prima facie case.

#### A. Vermont Tort Claim Act

Marcia Olander argues that she is an employee covered by the Vermont Tort Claims Act, 12 V.S.A. § 5602, and therefore, claims against her must be dismissed.

While tort claims against State employees must be asserted against the State, and not the employee, under both 12 V.S.A. § 5602(a) and the doctrine of qualified immunity, employees who commit gross negligence or willful misconduct torts may be sued directly under 12 V.S.A. § 5602(b). See also *Sutton v. Vermont Regional Center*, 2019 VT 71A, ¶ 45, 212 Vt. 612 (2020) ("[P]laintiffs harmed by state employees' gross negligence may sue those employees for damages, even if the employees' actions were undertaken within the scope of their employment. We consider whether the respective defendants are protected from liability by immunity, and to the extent they are not, whether plaintiffs' allegations can establish gross negligence.").

The tort of conversion is an intentional tort, and thus the allegation involves "willful misconduct." *Montgomery v. Devoid*, 2006 VT 127, ¶ 12, 181 Vt. 154. Mr. Rivard's pleadings acknowledge Ms. Olander is a Windham court clerk, so there is no genuine dispute as to whether Ms. Olander is an employee of the State of Vermont. See 12 V.S.A. § 5602(c). However, as in *Sutton*, this court then must consider whether Mr. Rivard's allegations can establish that Ms. Olander acted with willful misconduct in order to maintain a suit against her. See *Sutton*, 2019 VT 71A, ¶ 45.

Courts should exercise caution in granting motions for summary judgment when intent is a dispositive issue. *Stamp Tech, Inc. ex rel Blair v. Ludall/Thermal Acoustical, Inc.* 2009 VT 91, ¶ 31, 186 Vt. 369. Intent must often be inferred from a party's actions. *Id.* Caution in granting summary judgment is particularly appropriate when intent is susceptible to competing inferences. *Id.*

Here, as discussed below, Mr. Rivard fails to establish any genuine dispute establishing that conversion took place or that Ms. Olander ever had the documents Mr. Rivard claims existed. Mr. Rivard's complaint alleges willful misconduct, but he does not supplement this allegation with any evidence, circumstantial or otherwise, of Ms. Olander's actions. In fact, Mr. Rivard's complaint regarding the nature of this document has shifted over time from "lost" to "stolen." Compare 22-CV-03222, Proposed Amended Complaint, *infra*; and Statement (March 30, 2023). Because Mr. Rivard has not brought forward any evidence regarding Ms. Olander's "willful misconduct," she is dismissed from the suit under the Vermont Tort Claims Act.[2]

### B. Statute of Limitations

The Town Defendants argue that Mr. Rivard's claims are outside the statute of limitations. Any claim for assault and battery, libel, false imprisonment, or unlawful arrest, as well as any other cognizable claims related to injury to Mr. Rivard's person from Officer Washburn's arrest of defendant on December 10, 2019, are dismissed due to being time-barred by 12 V.S.A. § 512.

Mr. Rivard alleges the incident in question happened during an arrest for simple assault in connection with criminal docket 91-1-20 Wmcr. See e.g., Statement (March 30, 2023); Opp'n to Mtn to Dismiss ¶ 1 (May 30, 2023). In that docket, the initial arrest occurred on December 10, 2019, and the case was arraigned on February 4, 2020. The current civil complaint was not filed until March 28, 2023. The statute of limitations for assault and battery, false imprisonment, slander and libel and other crimes resulting in injuries to the person is three years. 12 V.S.A. § 512. Therefore, these claims are time-barred.

The statute of limitations for conversion is six years under 12 V.S.A. § 511, therefore, that complaint is not time-barred, but is dismissed for the other reasons discussed herein. See

---

[2] Because Ms. Olander is dismissed from the suit, the court need not further address the claim that there is no evidence that she is the "Windham Court Clerk" in question. On this issue, Mr. Rivard submitted Exhibit 1 Photo (June 5, 2024) along with an exhibit list stating it is an "Image of clerk taken by Petitioner who committed the conversion…" The court has no way to verify if this image is of Ms. Olander or not.

*Rowell v. Union Bank*, 164 Vt. 634, 635 (1996) ("Generally, the statute of limitations for conversion is six years.").

    C.  Claim Preclusion

All claims against the Town Defendants are also dismissed due to the doctrine of claim preclusion.

The doctrine of claim preclusion bars the re-litigation of claims that were brought in an earlier litigation when there is a final judgment on the merits involving the same parties, subject matter, and causes of action. *Sutton v. Purzycki*, 2022 VT 56, ¶ 21, 295 A.3d 377. It bars not only claims actually raised in prior litigation, but also those claims that could have been raised. *Carlson v. Clark*, 2009 VT 17, ¶ 13, 185 Vt. 324. The fundamental aims of the doctrine of claim preclusion are to prevent litigants from engaging in piecemeal or repetitive litigation and to promote the finality of judgments. *Faulkner v. Caledonia County Fair Ass'n*, 2004 VT 123, ¶ 9, 178 Vt. 51.

Here, Mr. Rivard has been proceeding in a piecemeal-litigation fashion directly adverse to the fundamental principals underpinning the claim preclusion doctrine. Mr. Rivard has previously filed a civil complaint against the Town of Brattleboro, the Brattleboro Police and Police Chief and Officer Washburn. 22-CV-03222, Complaint (Sept. 14, 2022). Allegations in that case include that, in connection with the criminal case 91-1-20 Wmcr, that Officer Washburn "stated in a sworn statement he personally knew me from plural police stops…" and that this contact caused harm to Mr. Rivard in his housing. 22-CV-03222, Proposed Amended Complaint (Sept. 26, 2022). Mr. Rivard also alleged that there was:

> A matter of a lost document <u>filed by Brattleboro Police</u> in 91-1-20 Wmcr which submitted acquisition of military and driver history MA is <u>lost</u>, and <u>never reconstructed</u> or <u>replaced</u> with a blank. <u>The matter remains unfounded</u> at the <u>CPCC</u> [Citizens Police Communication Committee] and exonerated in another respect despite dismissal of <u>91-1-20</u> at the Brattleboro CPCC.

*Id*. (emphasis in original).

The civil complaint filed in 2022 involves the same parties, covers the same subject matter, and asserts the same causes of action as the matter currently before the court. The 2022 case was decided by summary judgment which is a final judgment on the merits. Even if the court construes the 2022 case as alleging slightly different causes of action, particularly as it relates to the conversion claim, the current allegations could have, and should have, been brought in the earlier case and they were not.

In addition to the 2022 case, Mr. Rivard has covered this same subject matter against these same parties in a case filed three months after this case. See 23-CV-02763. That case involved allegations of unlawful arrest, illegal search and seizure, assault, and libel against Officer Washburn for the same conduct as alleged in this case. That case was dismissed with prejudice for failure to state a claim upon which relief can be granted.

This court cannot allow Mr. Rivard's attempts to relitigate the same dispute over and over. This matter has previously been resolved. Mr. Rivard's claims against the Town Defendants are dismissed as they are barred by claim preclusion. The court further provides notice to Mr. Rivard that any future attempts to relitigate claims based on the same incidents previously asserted in prior lawsuits may again result in dismissal due to claim preclusion, and reminds him of his obligations under Vermont Rule of Civil Procedure 11, and of the potential for sanctions for filing frivolous claims.

### D. Conversion

The State Defendants argue that summary judgment should be granted because conversion is the only surviving claim based on the court's August 4, 2023, ruling (docketed on August 7, 2023). They argue that the elements of conversion have not been met because the Windham Criminal Division never exercised dominion over the alleged property, and because the lost pages never existed. Further, they argue, in the alternative, that the taking of the documents would not amount to the "serious, major, and important interference[]" necessary for conversion. Mtn for Summary Judgment at 7 (May 1, 2024) (quoting *Montgomery*, 2006 VT 127, ¶ 13).

Addressing a procedural matter first, Mr. Rivard does not assert a claim of conversion against the Town Defendants. He alleges only that a court clerk took the documents, not that an employee of the town took the documents. To the extent that a civil conspiracy could have been alleged against the clerk and Officer Washburn, Mr. Rivard does not bring forward any evidence that the two defendants even know each other or ever had any communications. Therefore, the conversion claim can only be construed against the State Defendants.

"'To establish a claim for conversion, the owner of property must show only that another has appropriated the property to that party's own use and beneficial enjoyment, has exercised dominion over it in exclusion and defiance of the owner's right, or has withheld possession from the owner under a claim of title inconsistent with the owner's title.'" *Montgomery*, 2006 VT 127, ¶ 12 (quoting *P.F. Jurgs & Co. v. O'Brien*, 160 Vt. 294, 299 (1993)).

Here, Mr. Rivard has failed to establish any element of the claim of conversion. Mr. Rivard's motions and pleadings are not considered evidence when evaluating a claim for summary judgment. They are not sworn affidavits, and often are based on guesses and not personal knowledge. Many of Mr. Rivard's arguments involve sheer speculation, for example "Petitioner has posited the concern… and *potentially* with a Court clerk aiding disposing material which is alleged… and *potentially* regarding Windham State Attorney presence with the Clerk aiding political purposes *as asserted by Attorney Ammons at Trial*…" Reply to Memo in Opp'n (June 5, 2024) (emphasis added). Another example of the speculation occurring throughout Mr. Rivard's motions and pleadings is: "Att[y] Johns Congdon, being well aware that losing the material would reduce the impropriety, and is *probably* why Clerk Marcia Olander was willing to threaten unlawful restraint in the building…" Surreply (June 4, 2024) (emphasis added). The unsworn motions are not evidence, but the motions do illustrate the failures in Mr. Rivard's arguments, and fundamental flaws related to lack of admissible evidence.

Although Mr. Rivard is pro se and the court is obliged to ensure that he is not taken unfair advantage of, the court cannot construe his unsworn complaint and motions as affidavits. The court considers on one hand statements of Mr. Rivard such as in his surreply dated June 4, 2024: "I myself bear eyewitness to seeing that from officer Ryan Washburn, bearing his signature, blue ink, claiming he had acquired military history and motor vehicle history of myself." But, on the other hand, the court finds this statement is not sworn and does not impose the necessary penalty of perjury. Because Mr. Rivard's claims shift between iterations, e.g., as stated in the Vermont Tort Claims Act analysis above, the court is mindful that accepting the documents as sworn when they are not, would allow Mr. Rivard the benefit of admitting evidence, but relieve him of the potential penalty of perjury if the assertions were later proven to be false. The court will not exercise its discretion to relieve Mr. Rivard of that burden.

The exhibits Mr. Rivard has submitted can be summarized as going towards his grievances from his arrests and complaints. They do not address what occurred in the courtroom during the alleged conversion incident. In particular, Mr. Rivard has brought forward no evidence that the documents ever existed. And, if the documents did exist, Mr. Rivard never establishes that he owned the documents, or that they were ever in his possession, or that he had only been allowed to review public records before they were retrieved. Further, Mr. Rivard has not provided any evidence to establish intent, or that if the documents were taken, they were not taken for a valid court purpose and accidentally lost. Lastly, Mr. Rivard has not shown that the loss of the documents was not de minimis.

Mr. Rivard has brought forward only "mere conjecture, surmise or suspicion," that is an insufficient foundation for a verdict. See *Boyd*, 2022 VT 12, ¶ 19. For this reason, the motions for summary judgment are granted.

### E. Plaintiff's Motion for Summary Judgment

Because Mr. Rivard, as the plaintiff, bears the burden at trial he must bring forward evidence that there is no genuine dispute of material fact in connection with his complaint. For the above reasons, he has not done so and his motion for summary judgment is denied.

### ORDER

The Town Defendants' motion for judgment on the pleadings (Motion 27) is **GRANTED**. The State Defendants' motion for summary judgment (Motion 24) and Town Defendants' motion for summary judgment (Motion 28) are **GRANTED**. Mr. Rivard's motion for partial summary judgment (Motion 30) is **DENIED**.

**Signed Electronically on June 24, 2024 pursuant to V.R.E.F. 9(d).**

_____

**David Barra**
**Superior Court Judge**