Gladstone v. Stuart Cinemas, Inc. and Stuart, No. 6-1-00 Bncv (Wesley, J., Nov. 21, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT
BENNINGTON COUNTY, SS.**

**TED GLADSTONE and
ALEXANDRA GLADSTONE ,
        Plaintiffs,**

**v.**                              **BENNINGTON SUPERIOR COURT
                                    DOCKET NO. 6-1-00 Bncv**

**STUART CINEMAS, INC. and
MELVIN STUART,
        Defendants.**

## ORDER ON PLAINTIFFS' MOTION TO AMEND COMPLAINT AND MOTION FOR WRIT OF ATTACHMENT

Following a remand from the Vermont Supreme Court, see 2005 VT 44, Plaintiffs have moved to amend their complaint to add a new cause of action. However, the Supreme Court's remand order directs " the court to hear defendant's case on the issue involved in this appeal and decide the case based on all the evidence,"id. at ¶ 35. Although the Supreme Court mentioned breach of fiduciary duty to creditors in connection with its discussion of successor liability, nothing in the opinion suggests that the scope of the remand contemplated consideration of a new cause of action. Id. at ¶ 29. The Court will therefore **DENY** Plaintiffs' motion to amend, limiting the proceedings on remand to a consideration of Plaintiff's claim against Stuart Cinemas, Inc. under the principles for assessing corporate successor liability as set out in the Supreme Court's opinion.

Plaintiffs have also moved for a writ of attachment under V.R.C.P. 4.1. Since Defendant Stuart is not potentially liable, his ownership interest in the movie theater property on Route 67A in Bennington cannot be attached. SCI's leasehold interest in the property is attachable, and the Court will order attachment of this interest in the amount of $200,000. However, the Court finds no authority for Plaintiff's request for a monthly accounting from SCI as an element of relief contemplated by the attachment statute. Accordingly, the motion for a writ of attachment is **GRANTED IN PART AND DENIED IN PART**.

## Background

In 1997, claiming breach of lease, Plaintiffs obtained a judgment for $89,709.58 against BCI, a movie theater corporation owned and operated by Defendant Stuart. Plaintiffs subsequently brought this action to recover that judgment, plus interest and costs, from Stuart or SCI, another movie theater corporation owned and operated by Stuart. Plaintiffs argued that Stuart was liable under a piercing-the-corporate-veil theory, and that SCI was liable under a successor-corporation theory. Following the presentation of Plaintiffs' case, the Court granted Defendants' motion for judgment on partial findings under V.R.C.P. 52(c), ruling that Plaintiffs had failed to meet the requirements of either theory.

Plaintiffs appealed. Although their notice of appeal was phrased broadly, their only substantive argument was that the Court had erred in its successor-corporation analysis, and this is the only issue the Supreme Court addressed. "Plaintiffs do not appeal the court's refusal to pierce the corporate veil, nor its findings that there was no fraudulent transaction, but do contend that the court erred in finding that there was no de facto merger between BCI and SCI and that SCI was not a mere continuation of BCI". Id. At ¶ 9. The Supreme Court reversed on this issue,

2

but Defendant Stuart argues that the failure to appeal the Rule 52 judgment in his favor, coupled with the limited remand order, compels the conclusion that he cannot be revived as a party defendant to face a new theory of liability. The Court agrees.

The Supreme Court's opinion clarifies the law of successor-corporation liability by explaining that a substantial transfer of assets from the predecessor corporation to the successor corporation is not essential, and that the nature and operation of the two businesses do not have to be identical. Instead, the Supreme Court focused on the identical ownership and management of the two corporations, and the unfairness to creditors of the predecessor corporation of allowing the same people to carry on essentially the same business -even though not identical- in the name of the successor corporation, making decisions which would benefit the successor corporation to the detriment of the predecessor corporation, without meeting the obligations of the predecessor corporation.

Elaborating on the potential for unfairness, the Supreme Court drew upon its brief earlier consideration of a corporate director's possible fiduciary duty to the corporation's creditors and suggested that such a duty would seem to be applicable here. 2005 VT 44 , ¶¶ 27-28, citing Asociation of Haystack Property Owners, Inc. v. Sprague, 145 Vt. 443 (1985).[1] At the end of this discussion, however, the Supreme Court recognized "that any claim of a breach of fiduciary duty would run, if at all, against the officers and directors of BCI, and we have no such claim on

---

[1] Sprague did not establish the existence of such a fiduciary responsibility, nor has any subsequent Vermont Supreme Court case. Rather, the opinion reversed the trial court's dismissal for failure to state a claim because "however remote the possibility or novel the claim may be, we cannot say as a matter of law at this point that there is no possibility that plaintiffs could present sufficient evidence to establish a fiduciary duty and a breach thereof; a dismissal based on V.R.C.P.12 (b)(6) was at least premature in this case". 145 Vt. 443, 448.

appeal." Nonetheless, it deemed the discussion relevant to the equitable considerations underlying the theory of successor liability, since "the beneficiary of any such breach was SCI, the business left standing in a better market position and without a competitor." Id. at ¶ 29.

The Supreme Court held that this Court "erred in defining and applying the principles of successor liability in this case," and thus reversed this Court's ruling that the claim against SCI could not be maintained under the controlling law. It then remanded "for the court to hear defendant's case *on the issue involved in this appeal* and decide the case based on all the evidence." Id. at ¶ 35. (Emphasis added.)

Motion to Amend

On remand, Plaintiffs seek to amend their complaint to add a claim of breach of fiduciary duty against Defendant Stuart. See V.R.C.P. 15. Plaintiffs have invoked Rule 15(a), under which leave to amend "shall be freely given when justice so requires." Defendants maintain that because the trial had started and Plaintiffs had completed their case, the motion must be decided under Rule 15(b), which allows amendment after trial if issues not raised by the pleadings are tried by consent of the parties; but see, Vineyard Brands, Inc. v. Oak Knoll Cellar, 155 Vt. 473 (1990)(implied consent will not be found unless it appears that the party understood that evidence was introduced to prove the unpleaded issue). Logic favors Defendant's argument that Rule 15(b) subscribes stricter limits on the broad discretion established by Rule 15(a) in circumstances where a party has had a full opportunity to present evidence upon which a judgment has entered. As Plaintiffs concede that the suggestion of a cause of action emerging from Sprague was almost certainly unconsidered by any party at trial, Defendant's consent surely cannot be implied to have the evidence re-evaluated now against the elements of such a possible

4

claim.  Vineyard Brands, supra.

Even assuming the possible application of Rule 15(a), which contains no limitation based on time, cf. Lillicrap v. Martin, 156 Vt. 165, 170 (1989) (amendments with leave of court under Rule 15(a) may be allowed at any time), Plaintiffs have not demonstrated a right to relief.  The Supreme Court's remand specifically directed this Court to hear Defendant's case on successor liability and then decide the case based on all the evidence.  Citing authorities from other jurisdictions, Defendants argue that this type of specific direction in a remand order strictly limits what the lower court considers on remand.   See, e.g., Scott v. Churchill, 377 F.3d 565, 570 (6th Cir. 2004) (lower court is bound to the scope of the remand issued by appellate court, and scope of remand is determined by examining the entire order or opinion to determine whether and how the appellate court intended to limit the remand).  Although none of Defendant's authorities specifically address consideration of a motion to amend after a specifically limited remand, the general principle seems logically compelling.  Moreover, the Vermont Supreme Court has indicated in another context that a limited remand is a limited remand.  Cf. R.E. Bean Constr. Co. v. Middlebury Assocs., 142 Vt. 1 (1982) (holding that after the Supreme Court had remanded a case to allow a party to make a proffer, the trial court did not err in refusing to go beyond that and have a full evidentiary hearing).  See also United States v. Campbell, 168 F.3d 263, 265 (6th Cir. 1999) (distinguishing between general and limited remands, explaining that a general remand allows the lower court to address any issue as long as it does so in a manner consistent with the appellate court's opinion, while a limited remand explicitly outlines the issues the lower

court should address).[2]

Even if the language of the limited remand does not strictly bind this Court, it is certainly an important consideration in assessing whether justice requires amendment under Rule 15(a). The Supreme Court obviously recognized this possible cause of action, but acknowledged it was not available because it had not been raised and because those against whom it might have been brought were not parties. The Supreme Court further noted that the same equitable interests and considerations could be addressed through the successor liability claim against SCI. Although in a position to give clear guidance, the Supreme Court issued its limited remand without mentioning the possibility of amendment, an omission this Court deems significant in considering what justice requires under all the circumstances.

In deciding a motion to amend under Rule 15(a), the critical inquiry is "'whether the just and expeditious disposition of the controversy between the parties will be advanced by permitting the amendment.'" Graham v. Springfield School Dist., 2005 VT 32, ¶ 6. The Court notes that this basic landlord-tenant dispute has now been going on for ten years. Plaintiffs have already sought to hold Defendant Stuart personally liable under two separate theories, without success. There is no reason Plaintiffs could not have asserted this cause of action sooner, except it did not suggest itself as a viable claim for relief until raised as an analogy in the Supreme Court's discussion. Plaintiffs insist they would not have to reopen their case, but it is hard to imagine how the additional claim against an additional party could fail to significantly increase

---

[2] Plaintiffs cite Brown v. Whitcomb, 150 Vt. 106 (1988) for the proposition that an amendment to the pleadings should be allowed after remand. Brown is inapposite, however, as the initial appeal in that case produced a summary reversal and a general remand without limitation, see 137 Vt. 627 (1979), not a limited remand with specific instruction as in this case.

the complexity of the issues and the time and resources required to finish the trial, ( particularly as the elements of the new claim are even less developed in Vermont jurisprudence than were the elements of successor liability before this case). The Court acknowledges Plaintiff's efforts to revive an arguably viable claim against Stuart individually, as well as the remanded successor liability cause against SCI, in hopes of broadening the prospects for execution in the event of a favorable judgment. Yet, by failing to appeal this Court's Rule 52 judgment dismissing all claims against Defendant Stuart individually, Plaintiffs had already conceded the futility of reaching his personal assets to satisfy any claim. Under all the circumstances presented here, the Court cannot be persuaded that the Supreme Court's dictum regarding the possible fiduciary responsibility of a corporation's officer to its creditors - a common law cause of action as yet unestablished by any fully adjudicated case by Vermont's highest court - justifies expanding the express remand mandate to accommodate an amendment bringing Defendant Stuart back into the case. In sum, permitting the amendment would not advance the just and expeditious disposition of this controversy, and the motion to amend will be denied.

Motion for Writ of Attachment

Plaintiffs have also moved for a non-possessory writ of attachment in the amount of $200,000 under V.R.C.P. 4.1. Specifically, they want to attach (1) Defendant Stuart's land and movie theater, as well as monies received by Stuart as rent for this property; (2) SCI's leasehold interest in the land and movie theater; and (3) all receipts, proceeds and assets of SCI "with the exception of those funds necessary for the corporation to pay its bona fide obligations and bills to creditors currently and without pre-payment."

7

From the Court's denial of Plaintiffs' motion to amend, it follows that Stuart is not a potentially liable party, and neither his real estate nor monies received in rent for that real estate can be attached. However, SCI is a potentially liable party, as established by the considerations set forth in the Supreme Court's opinion, and there is a reasonable likelihood that Plaintiffs will recover judgment, including interest and costs, against the corporation. Defendant SCI has not contested the claim that, for purposes of these attachment proceedings, the amount of any likely judgment over and beyond any insurance, bond, or other security available to satisfy the judgment, could reach $200,000. See V.R.C.P. 4.1(b)(2). Thus, the Court **ORDERS** that a non-possessory writ of attachment in the amount of $200,000 will issue for SCI's leasehold interest in the land and theater on Route 67A, thereby preventing it from being transferred or modified.

The third part of Plaintiffs' request essentially asks the Court to place SCI in a receivership as a form of relief in an attachment proceeding  This is not authorized under Rule 4.1 or any other rule, nor pursuant to 12 V.S.A.§3251 et seq.

Based on the foregoing considerations, the Court **ORDERS as follows:**

Plaintiffs' motion to amend is **DENIED**.

Plaintiffs' motion for a writ of attachment is **GRANTED IN PART AND DENIED IN PART, with partial approval as follows:**. A writ of attachment shall issue in the amount of $200,000 for SCI's leasehold interest in the land and movie theater owned by Stuart and located on Route 67A, as particularly described in the motion. The purpose of this attachment is to prevent any transfer or modification of SCI's rights and obligations under the terms of the lease.

Signed at Brattleboro, Vermont, this 1st day of August, 2005.

_____

John P. Wesley
Presiding Judge