Capital One Bank v. Angelini, No. 348-6-11 Wncv (Toor, J., Oct. 30, 2013).

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
WASHINGTON UNIT
CIVIL DIVISION

| | |
|---|---|
| CAPITAL ONE BANK (USA), N.A.,<br> Plaintiff<br><br> v.<br><br>DAN D. ANGELINI<br> Defendant | Docket No.  348-6-11 Wncv |

RULING ON MOTION TO RECONSIDER

In June of 2011, Capital One brought this case against Dan Angelini seeking to collect upon an unpaid credit card. Angelini filed an answer on June 16, 2011, asserting an affirmative defense that he signed only in his corporate capacity, not his individual capacity. On March 19, 2012, Angelini amended his answer and added a counterclaim for consumer fraud, alleging that Capital One misled him in the solicitation for the card. The case was set for jury trial in January of 2013, but was rescheduled so the parties could complete discovery. On January 28 the court issued a scheduling order requiring that all motions were to be filed by May 1, 2013, and the case was to be trial-ready as of June 15, 2013.

After some discovery disputes, Judge Bent sanctioned Capital One for its failure to comply with discovery. He did so by limiting the evidence Capital One may present at trial. *See* Decision re: Motion for Sanctions (Aug. 26, 2013).[1] Capital One then dismissed its claim against

---

[1] In June of 2012, Judge Kupersmith had granted Capital One's motion for summary judgment and indicated that a hearing would be set to determine the amount of damages. However, apparently because the counterclaim was filed while the motion was pending and had not been directly addressed in the filing (despite the fact that the judge had essentially rejected the consumer fraud claim), additional time was allowed for discovery on the counterclaim. Scheduling/Entry Order (July 30, 2012). However, as an additional sanction for Capital One's discovery violations, Judge Bent later vacated that summary judgment ruling. Decision re: Motion for Sanctions (Aug. 26, 2013).  That

Angelini with prejudice. *See* Scheduling/Entry Order (Sept. 26, 2013). However, Angelini chose to proceed on his counterclaim, alleging that he has been significantly harmed as a result of Capital One's fraud. On September 26, the trial date of November 6 was set. A jury was selected on October 15 and both parties submitted proposed jury instructions that same day. Trial is scheduled for November 6.

Sometime after the jury selection on September 26, Capital One hired new counsel. On October 22, new counsel filed a motion to dismiss the counterclaim, a motion to continue the trial, and a motion to shorten Angelini's time to respond to the motions. No good cause was offered for the delayed filing. The only explanation was that Capital One "discovered that certain defenses and dispositive motions had not been made by prior counsel." Plaintiff's Expedited Motion to Continue Trial at 1 (filed Oct. 22, 2013). The court denied the motions, noting that after jury selection is not the time to file dispositive motions. Plaintiff has now moved to reconsider that ruling.

Discussion

The motion to dismiss is brought under V.R.C.P. 12(b)(1), 12(b)(6) and 12(c). Rule 12 makes clear that motions to dismiss under section (b) are to be made "before pleading," not after; and that motions for judgment on the pleadings under section (c) are to be made "within such time as not to delay the trial." V.R.C.P. 12. "If a party engages in excessive delay before moving under Rule 12(c), the [trial] court may refuse to hear the motion on the ground that its consideration will delay or interfere with the commencement of the trial." 5C C. Wright & A. Miller, Federal Practice and Procedure § 1367 (3d ed. 2004).

---

puts this entire case in a rather bizarre posture. Had Capital One filed a motion to reconsider it might well have succeeded in convincing Judge Bent that requiring a trial on issues already ruled on as a matter of law was perhaps going too far. However, no such motion was made and the undersigned has inherited the case "as is."

2

Capital One argues that the court is required to cancel the trial and take up the motion to dismiss, or rush to decide the motion before trial, relying upon Graham v. Springfield Vermont School District, 2005 VT 32, 178 Vt. 515 (mem.) Capital One failed to note, however, that Graham is merely a memorandum decision and thus is not binding upon the court. Nor does that case say what Capital One claims: that any time a motion to dismiss is filed, the court must take it up immediately before the trial or cancel the trial.

In Graham, the issue was defendant's right to amend his answer to add new affirmative defenses. The defendant had sought to do so several weeks before trial. The court denied the amendment. At trial, at the close of the plaintiff's case the defendant raised the issues again by way of a motion for judgment as a matter of law, and again at the close of the evidence. Each time the court declined to consider the issue because it was raised too late. Defendant then filed a post-trial motion for judgment as a matter of law and a request for remittitur. The court denied the motion based solely on the fact that the issues were not raised until a few weeks before trial.

On appeal, the panel concluded that the issues were not really affirmative defenses, but regular defenses justifying dismissal, and that the other side would not have been prejudiced by allowing the defenses to be asserted at trial. Id. at 517-18. Nowhere does the panel say that the court was required to cancel the trial and address the legal issues at that stage of the case. Instead, the court noted that the issues could be raised "at the trial on the merits." Id. at 517, quoting V.R.C.P. 12(h)(2). While the court cited various portions of Wright & Miller suggesting that such issues can be addressed before trial, the theme of a lack of prejudice to a party and the "just and expeditious" resolution of cases runs through all of the cited commentary. Id. Taking up these issues now would be prejudicial to Angelini in his preparation for trial because of the late date, unjust because it would reward Capital One for its delay, and less expeditious than

3

proceeding to trial and addressing the legal issues later if needed – which will be unnecessary if the verdict is in Capital One's favor.

Graham may stand for the idea – solely persuasively, as it is not binding authority – that a trial court should not completely refuse to consider a dispositive legal issue at *some* point in the proceedings merely because it was raised late. That is not the same, however, as saying that the party filing the motion gets to decide *when* the court must decide it. Here, the court can still address the legal issues in post-trial motions, if necessary, when both sides have time to brief the issues thoroughly and the court has time to analyze them.

There are numerous reasons why the court will not address the issues now. First, there is an express court order setting a May 1 deadline for dispositive motions. Second, this case has been going on for almost two and a half years, and Capital One had over a year between the filing of the counterclaim and the motion deadline to file any dispositive motions it wished. Third, the court has used its precious jury draw time to select a jury for this case and allocated its precious trial time to this case. Fourth, by filing a last minute motion like this a party interferes with opposing counsel's ability to prepare for trial. Fifth, there is no good cause for the delayed filing: no late-discovered evidence or newly enacted law. Hiring new counsel on the eve of trial who might have used a  different strategy than former counsel is not "good cause."

The sixth, and most important, reason is that if parties could file dispositive motions long past court-ordered deadlines whenever they chose, it would create chaos in the trial courts. It would mean that court orders setting deadlines have no weight. It would mean that opposing parties and the court could constantly be thrown into a rush of responding to and deciding such motions on short notice to attempt to keep trials on the calendar, or trials would have to be cancelled whenever a party decided – if only due to its own lack of forethought or lack of

4

organization – to file a last minute dispositive motion.[2] It would take all control over the court's calendar away from the judge and hand it on a platter to counsel. It would allow an attorney to file frivolous motions at the last minute solely for tactical advantage. Of course, the court generally cannot determine whether a motion is valid or frivolous until it has actually spent all the time necessary to read the cases cited by both sides and do additional research, so valid and frivolous motions would have to be treated the same way until the court was able to analyze them.

Capital One had over a year between the filing of the counterclaim and the deadline for motions. It could at any time have raised these legal issues. There is no just reason for the late filing. As another court has said: "Defendants' motion clearly could have been brought at the end of discovery or anytime before the court ordered pretrial preparations had defendants been diligently defending the case. The defendants sat on their rights and will not be allowed to now delay trial." Lake v. McDaniel, No. 3:03-cv-00550-LRH (VPC), 2007 WL 923591 at *6 (D. Nev. March 23, 2007); *see also*, Riggins v. Walter, 279 F. 3d 422, 428 (7th Cir. 1995) (where movant "failed to offer any reason why he could not have filed his motion before the deadline," court declined to consider Rule 12(c) motion); Sea-Land Services Inc. v. D.I.C. Inc., 102 F.R.D. 252, 253-54 (D.C. Tex. 1984)(denying Rule 12(c) motion because it was filed seven months after motion deadline).

Order

The motion to reconsider is denied. Trial will proceed on November 6.

Dated at Montpelier this 30th day of October, 2013.

_____
Helen M. Toor, Superior Court Judge

---

[2] Even this motion to reconsider has taken time away from other work the court intended to be addressing today – such as preparing its jury instructions for the trial in this case.